## A90A0221. SPARKS v. THE STATE.
(394 SE2d 407)

CARLEY, Chief Judge.

Appellant was tried by a jury and found guilty of possession of

cocaine and driving under the influence of drugs in violation of OCGA § 40-6-391 (a) (2). He appeals from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts. The sole enumeration of error raises the general grounds.

1. Appellant consented to give a urine sample. At the Georgia State Crime Lab, the sample tested positive for cocaine. " 'The presence of cocaine in a defendant's bodily fluids is considered to be direct positive evidence of possession of cocaine. (Cit.)' [Cits.] Accordingly, there was sufficient evidence produced at trial to authorize any rational trior of fact to find appellant guilty beyond a reasonable doubt of possession of cocaine. [Cits.]" *Buffington v. State*, 190 Ga. App. 365 (378 SE2d 884) (1989). See also *Stevens v. State*, 165 Ga. App. 814, 815 (1) (302 SE2d 724) (1983).

2. The evidence that appellant had ingested cocaine was the only evidence adduced to show his violation of OCGA § 40-6-391 (a) (2). However, that statute does not prohibit driving after ingesting any quantity of drugs. Compare OCGA § 40-6-391 (a) (4). It prohibits driving "[u]nder the influence of any drug to the extent that it is less safe for [one] to drive. . . ." OCGA § 40-6-391 (a) (2). There was nothing from which the jury could have inferred that appellant was under the influence of cocaine *to the extent that he was a less safe driver*, such as additional evidence of his physical condition or conduct at the time of arrest. Under these circumstances, the evidence is not sufficient to convict appellant of driving under the influence in violation of OCGA § 40-6-391 (a) (2). See *Turner v. State*, 95 Ga. App. 157 (97 SE2d 348) (1957); *Clay v. State*, 193 Ga. App. 377, 379 (2) (387 SE2d 644) (1989). Therefore, the conviction and sentence for violation of OCGA § 40-6-391 (a) (2) must be set aside.

*Judgments affirmed in part and reversed in part. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 11, 1990.

*Willis A. Duvall*, for appellant.
*J. Brown Moseley, District Attorney*, for appellee.