A92A1609. DAVIS v. THE STATE.
(426 SE2d 267)

SOGNIER, Chief Judge.

Metz Leroy Davis III was convicted of driving under the influence of alcohol to the extent he was a less safe driver (OCGA § 40-6-391 (a) (1)). He appeals from the judgment of conviction and sentence.

1. Appellant first contends the trial court erred by denying his motion for directed verdict of acquittal because the evidence was insufficient to support the verdict. Evidence was adduced that appellant spent the evening of December 31, 1990 in the company of three other teenagers. Kelly Owenby testified that early in the evening the group rented a videotaped movie and appellant purchased a case of beer using fraudulent identification. She testified that the group returned to her home around 9:00 p.m. and consumed the beer, and she recalled seeing appellant holding a beer in his hand and turning the can to his lips. She estimated that each person drank four to six beers, although she acknowledged that appellant later told her he had poured out the beer in his cans and replaced it with water. Owenby also testified that she and appellant smoked what he said was marijuana, but she could not be certain that the substance was actually marijuana. Owenby testified further that the group left her home around 12:30 a.m. with appellant driving. She opined that he was driving fast and was not a safe driver. She was slightly injured when appellant lost control of the car and it ran off the road and overturned. Tonya Sheriff, who was also at the gathering, testified that she saw appellant drink at least one beer.

The investigating officers testified that at the accident scene, appellant admitted driving 65 mph in a 45 mph zone and told them he lost control of the car when he swerved to avoid a deer. The officers smelled an odor of alcohol but could not pinpoint the source and could not affirmatively determine whether appellant or any of the

passengers had been drinking.

Appellant testified that he had only pretended to drink beer and smoke marijuana out of a desire to be accepted by the other teenagers. He said he either held empty cans or had poured out the beer and filled the cans with water, and he stated the "marijuana" was pipe tobacco. He admitted speeding but denied being under the influence of alcohol, explaining that he was in a hurry to get one member of the group home and that he ran off the road after swerving to avoid a deer.

Appellant presented the testimony of a GBI chemist who had tested a blood sample taken from appellant three hours after the accident. The sample was negative for alcohol and drugs. The chemist also testified that, assuming average metabolic rates, a person could eliminate .04 grams of alcohol concentration over a three-hour period, but that he could not determine what appellant's blood-alcohol content had been at the time of the accident.

The only evidence adduced by the State to establish the charge that appellant was under the influence of alcohol to the extent that he was a less safe driver was as follows: (1) Owenby and Sheriff testified they had observed appellant drinking out of a can of beer; (2) the investigating officers smelled an odor of alcohol at the scene but could not trace the source; and (3) appellant was speeding and lost control of the car, causing the car to veer off the road and overturn. We agree with appellant that this evidence was insufficient to support the verdict. Even if the jury disbelieved appellant's testimony that he only pretended to drink beer and concluded that he did drink that night, evidence appellant consumed alcohol earlier in the evening does not prove that he was under the influence of alcohol to the extent he was a less safe driver. Accord *Sparks v. State*, 195 Ga. App. 589, 590 (2) (394 SE2d 407), overruled on other grounds, *Green v. State*, 260 Ga. 625-626 (1) (398 SE2d 360) (1990) (proof of ingestion of cocaine does not establish driving under the influence of drugs to the extent of being a less safe driver). Certainly the officers' testimony that they smelled alcohol in the vicinity is insufficient to prove that appellant was in violation of OCGA § 40-6-391 (a) (1), especially given the testimony of the other witnesses that all four passengers had been drinking.[1] Additionally, even assuming that appellant's admission of speeding combined with the fact of the accident could be used to show that appellant was a less safe driver, no testimony was adduced to show that he was a less safe driver *as a result of* being under the influence of alcohol. Although Owenby stated that appellant was driving fast

---

[1] The arresting officer apparently recognized this, for he elected not to charge appellant with DUI.

and opined that he was a less safe driver, she did not testify that this condition was the result of intoxication or even that appellant was under the influence of alcohol. Compare *Chance v. State*, 193 Ga. App. 242 (1) (387 SE2d 437) (1989).

Moreover, appellant rebutted the charge of DUI by introducing the results of the blood test performed three hours later, which was negative for alcohol and drugs. The chemist's speculative testimony concerning the metabolic rates for absorption of alcohol into the body does not establish beyond a reasonable doubt that appellant had an alcohol concentration of .04 grams at the time of the accident. However, even if it did, one is presumed *not* to be under the influence of alcohol if the chemical test shows a concentration of .05 grams or less. OCGA § 40-6-392 (b) (1).

The instant case presents even less evidence in support of the verdict than was adduced in *Clay v. State*, 193 Ga. App. 377, 378-379 (2) (387 SE2d 644) (1989), in which we reversed a conviction under OCGA § 40-6-391 (a) (1). In *Clay*, the arresting officer testified that the defendant's eyes were red and glassy, that he had an odor of alcohol about his person, and that in the officer's opinion the defendant was under the influence of alcohol to the extent that he was a less safe driver. (The State also introduced evidence that a breath test yielded a reading of .18 grams alcohol concentration, but the accuracy of the test was questioned and the jury apparently disregarded the finding.) We held that absent any evidence the defendant's speech was slurred, that he was staggering, or that he was driving erratically, the officer's opinion was without foundation and thus the evidence was insufficient to support the guilty verdict. Id. at 379.

The reasoning in *Clay* is even more compelling in the case at bar. Accordingly, we reverse the denial of appellant's motion for directed verdict of acquittal. See id.; accord *Sparks*, supra.

2. Our decision in Division 1 renders moot appellant's other enumeration of error.

*Judgment reversed. Birdsong, P. J., Carley, P. J., Pope, Beasley and Johnson, JJ., concur. McMurray, P. J., Cooper and Andrews, JJ., dissent.*

COOPER, Judge, dissenting.

I must respectfully dissent because although there were sharp conflicts in the evidence it was sufficient in my view to support the guilty verdict. The evidence showed that within a three-hour period immediately preceding the accident appellant consumed between four and six beers and smoked marijuana although he maintained that he filled his beer cans with water and only pretended to drink beer and smoked pipe tobacco instead of marijuana. A forensic chemist who performed the analysis on appellant's blood testified that despite the

negative test results, appellant could have had a blood alcohol content of .04 grams at the time of the accident. Appellant admitted driving between 65 and 70 mph, the investigating officers smelled the odor of alcohol at the scene of the accident, and one of his passengers testified that immediately prior to the accident appellant was not a safe driver. " ' "It is the function of the jury to determine the credibility of the witnesses, including that of the defendant. The jurors must weigh and resolve any conflicts presented by the evidence. The appellate court must view the evidence in the light most favorable to the jury's verdict. (Cit.)" [Cit.]' " *Jacobson v. State*, 201 Ga. App. 749, 750 (1) (412 SE2d 859) (1991). Viewed in that light, the evidence was sufficient.

I am authorized to state that Presiding Judge McMurray and Judge Andrews join in this dissent.

DECIDED DECEMBER 4, 1992.

*Robert F. Oliver*, for appellant.
*James E. Cornwell, Jr., Solicitor*, for appellee.