A94A1009. IN THE INTEREST OF C. P. M., a child.
(446 SE2d 242)

Beasley, Presiding Judge.

Appellant was adjudicated delinquent based in part on a charge of driving under the influence of alcohol to the extent it was less safe for him to drive. OCGA § 40-6-391 (a) (1). The petition of delinquency was also sustained as to charges of speeding, OCGA §§ 40-6-181—40-6-183 and 40-6-1, and possession of alcohol by a minor, OCGA § 3-3-23. The possession charge merged with the DUI. Appellant challenges the sufficiency of the evidence to establish beyond a reasonable doubt that he violated OCGA § 40-6-391 (a) (1).

Viewing the evidence in the light most favorable to the verdict, it appears that shortly after midnight appellant was stopped by a police officer for driving a vehicle 55 mph in an area where the speed limit was 35. As the officer spoke with appellant, he noted the odor of alcohol on appellant's breath and redness in his eyes. Appellant appeared to be intoxicated and stated that he had "a couple of beers." After

another officer arrived, three field sobriety tests were administered, which appellant failed, and he was taken into custody. The officers searched the vehicle and found some cans of beer. In response to the court's questions, appellant admitted that he had two beers before driving into town.[1]

Appellant asserts that the court properly did not consider the evidence of one officer who testified at trial, as the officer had been impeached. The court's statement from the bench that certain evidence influenced its decision does not mean it disregarded other evidence properly before it. Contrary to appellant's contention, the officer had not been impeached to the extent that his testimony could not be credited. Rather the testimony of a second officer that appellant contends completely rebuts the evidence of the first officer merely provides greater detail about the incident and the court was under no duty to disregard either officer's testimony.

Appellant contends, in part, that the failure of the officers to testify to any less safe behavior on his part renders the evidence insufficient to support the conviction. Their opinion is not critical to establish the fact, as the court, the trier of fact, could form its own opinion based on the indicia pointing to it. Nor is it necessary for the State to show that appellant was committing an unsafe act, "although he was committing the unsafe act of speeding at the time he was initially spotted by the officer." *Anderson v. State*, 203 Ga. App. 118, 119 (1) (416 SE2d 309) (1992). " '(Evidence) as to the manner of driving, including excessive speed, may be taken into account where there is evidence that the defendant has been drinking, for the purpose of determining whether or not his manner of driving shows him to have been affected by the intoxicant to the extent that he drives less safely and carefully than he might otherwise have done, and for this purpose evidence of travel in excess of the legal rate of speed may be considered.' [Cit.]" *Collins v. State*, 177 Ga. App. 758, 759 (2) (341 SE2d 288) (1986). It is uncontroverted that appellant was traveling at 20 mph over the speed limit.

Appellant cites *Groom v. State*, 187 Ga. App. 398 (370 SE2d 643) (1988), for the proposition that failure to show the size of the beers consumed, and the time frame in which they were consumed, prevents the trier of fact from determining whether the appellant was a less safe driver. *Groom* and the present case differ in act and so in result. Although the facts in *Groom* are not explicitly recited, it is clear that no police officer observed Groom until some time had passed after his accident and "there [was] no evidence as to defendant's conduct or appearance which would authorize the . . . trier of

---

[1] Evidence of the results of intoximeter tests was suppressed at trial.

fact to form . . . an opinion [that he was a less safe driver]." Id. at 400 (2). Here there was testimony about the appellant's conduct, and manner of unsafe driving. There was testimony that he was speeding, appeared to have been drinking, and failed three field sobriety tests (nose-finger, one leg stand, heel-to-toe walk and turn), and he admitted drinking. The field tests showed his condition, acuity, and ability to control his physical actions. The standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), was met. See also *Rylee v. State*, 210 Ga. App. 314 (436 SE2d 52) (1993).

Similarly, appellant's suggestion that *Davis v. State*, 206 Ga. App. 647 (426 SE2d 267) (1992) and *Clay v. State*, 193 Ga. App. 377 (2) (387 SE2d 644) (1989), are factually similar and demand a finding that the evidence is insufficient are unfounded. In *Davis* the officer detected the odor of alcohol but could not tell who in the car had been drinking; appellant in this case was alone and the officer detected the odor on his breath. Additionally, in *Davis* a blood test revealed no alcohol three hours after the accident, and testimony suggested that an alcohol concentration of .04 grams may have been present at the time of the accident, a level at which one is presumed not to be under the influence. *Davis*, supra at 649 (1), and Cooper, J., dissenting.

In *Clay*, there was no traffic violation or erratic behavior to suggest the negative influence of intoxication on the operation of the vehicle. It was stated that "an odor of alcohol on [appellant's] breath clearly was not sufficient, in and of itself, to give rise to an inference that he was intoxicated." *Clay*, supra at 379 (2). Here, as described earlier, there was more than merely the odor of alcohol. In *Groom*, *Davis*, and *Clay*, no field tests were performed. The cases cited do not demand reversal.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED JULY 5, 1994.

*Mitchell M. Shook*, for appellant.

*Michael H. Crawford, District Attorney, George N. Guest, Assistant District Attorney*, for appellee.