A95A2370. TRIPPE v. THE STATE.
(464 SE2d 655)

JOHNSON, Judge.

Charles Trippe appeals from his driving under the influence of alcohol conviction. He complains that the court erred in denying his motion to suppress evidence on the ground that the police officer's stop of his pickup truck for failure to use a turn signal was pretextual. This complaint is without merit.

OCGA § 40-6-123 provides in pertinent part: "(a) No person shall turn a vehicle at an intersection . . . until such movement can be made with reasonable safety. No person shall so turn any vehicle without giving an appropriate and timely signal in the manner provided in this Code section. (b) A signal of intention to turn right or left or change lanes when required shall be given continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction or a driver of a vehicle approaching from the opposite direction." The uncontroverted evidence in the instant case is that Trippe stopped his truck at a red traffic light and the officer, proceeding in the same direction as Trippe, stopped his car directly behind Trippe. When the light turned green, Trippe turned right at the intersection without using his turn signal. Contrary to Trippe's argument, the fact that both vehicles were stopped at the red light prior to Trippe's turn did not obviate the need to use the signal. Rather, Trippe was required to use his signal to alert the officer, stopped directly behind him, of his intention to turn right.

Trippe correctly notes that this Court has recognized that the use of the term "when required" in subsection (b) indicates the legislature's anticipation of circumstances which do not mandate the use of a turn signal. See *Clark v. State*, 208 Ga. App. 896, 897-898 (1) (432 SE2d 220) (1993). But unlike *Clark* and *State v. Jones*, 214 Ga. App. 593 (448 SE2d 496) (1994), the instant case does not present such circumstances. In *Clark*, supra at 897, the police officer was 300 feet behind the defendant's northbound car in the right lane of Interstate 75 when the defendant merged onto an exit ramp without signaling. In ruling that the defendant was not required to use his turn signal, this Court stated that "[t]his type of . . . exit ramp is designed to emerge from the outside traffic lane and allows vehicles to enter safely

from that lane without the use of a turn signal when no other vehicles are in the area. This situation is different from one in which a vehicle is changing lanes on an interstate, rather than entering an exit ramp, or when traveling on a road or street other than an interstate. It was undisputed that no other vehicles were in the vicinity of the [defendant's car]. Additionally, [the officer] was far enough away that he would have been unable to see any hand signal, if given, as authorized by OCGA § 40-6-124 (a)." Id. at 898. Likewise, in *Jones*, supra at 594, we held that the defendant was not required to signal his intention to make a U-turn because there were no other cars on the road.

In the current case, however, the officer was on the street directly behind Trippe when Trippe turned at an intersection without signaling. Upon seeing Trippe commit the traffic offense of failing to use his turn signal, the officer was authorized to stop Trippe. Accordingly, the trial court did not err in finding that the traffic stop was not pretextual and in denying the motion to suppress. See *Jones v. State*, 200 Ga. App. 666 (1) (409 SE2d 251) (1991).

*Judgment affirmed. Birdsong, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 30, 1995.

*Albert B. Wallace, Stephen B. Wallace II*, for appellant.
*Keith C. Martin, Solicitor, Michael P. Baird, Elizabeth A. Baker-Cofer, Assistant Solicitors*, for appellee.