## A96A1592. WEBB v. THE STATE.
### (476 SE2d 781)

RUFFIN, Judge.

Cheryl Webb was indicted for possession of cocaine, possession of marijuana, possession of a firearm during the commission of a felony, driving under the influence of drugs, and speeding. Following the presentation of evidence at trial, the court granted Webb's motion for a directed verdict on the speeding charge. The jury subsequently found Webb guilty of possession of marijuana and driving under the influence of drugs. Although Webb does not challenge her conviction for possession of marijuana, she contends there was insufficient evidence to support her conviction for driving under the influence of drugs.

Viewed in a light most favorable to the jury's verdict, the evi-

dence shows that one morning at approximately 3:30, Pelham police officer Brady Finney was parked on the side of a roadway, operating his radar, when he stopped Webb for speeding. Officer Finney testified over objection that Webb was "running 60 miles an hour in a 50 mile an hour zone[,]" and that he determined her speed "[b]y radar." Officer Finney approached Webb's car, and her passenger, co-defendant John Noble, informed Officer Finney he had a gun. Upon searching the vehicle, Officer Finney found the handgun, a bottle containing cocaine, a bag containing marijuana, and a cigarette box containing a partially smoked marijuana cigarette. Officer Finney arrested Webb and Noble for possession of marijuana and possession of cocaine. Webb subsequently admitted the marijuana belonged to her and consented to give a urine sample, which tested positive for marijuana.

Webb contends the foregoing evidence was insufficient to convict her of driving under the influence of drugs because there was no competent evidence that she was under the influence to the extent that it was less safe for her to drive. We agree.

We note initially that Webb was *not* indicted under former OCGA § 40-6-391 (a) (5). To obtain a conviction under that statute, "the state need only prove the physical act of driving with any amount of the specified drugs in the blood or urine. [Cits.]" *Kevinezz v. State*, 265 Ga. 78, 79 (2) (454 SE2d 441) (1995). Rather, the record shows that Webb was indicted under former OCGA § 40-6-391 (a) (2). Under former OCGA § 40-6-391 (a) (2), it is unlawful to drive or be in actual physical control of any moving vehicle while "[u]nder the influence of any drug to the extent that it is less safe for the person to drive[.]" Although under that statute the State is not required to prove that the defendant actually committed an unsafe act, "impaired driving ability is an element of the crime that the state must prove to obtain a conviction. [Cit.]" *Kevinezz*, supra at 79 (2); *Shannon v. State*, 205 Ga. App. 831, 833 (4) (424 SE2d 51) (1992). However, the mere fact that a defendant has ingested marijuana is not sufficient to support a conviction under OCGA § 40-6-391 (a) (2), because "that statute does not prohibit driving after ingesting any quantity of drugs. [Cit.]" *Sparks v. State*, 195 Ga. App. 589, 590 (2) (394 SE2d 407) (1990), overruled on other grounds, *Green v. State*, 260 Ga. 625 (1) (398 SE2d 360) (1990). See also *Davis v. State*, 206 Ga. App. 647 (1) (426 SE2d 267) (1992). Compare former OCGA § 40-6-391 (a) (5). The State is required to present some other form of evidence showing the defendant was impaired. *Sparks*, supra.

Other than the positive urine sample, the only additional evidence presented in this case was Officer Finney's testimony that Webb was "running 60 miles an hour in a 50 mile an hour zone[,]" and that he determined her speed "[b]y radar." However, that testi-

mony could not be used to support Webb's conviction. OCGA § 40-14-8 (a) provides that "[n]o county, city, or campus officer shall be allowed to make a case based on the use of any speed detection device, unless the speed of the vehicle exceeds the posted speed limit by more than ten miles per hour and *no conviction shall be had thereon* unless such speed is more than ten miles per hour above the posted speed limit." (Emphasis supplied.)

The record in this case shows that Officer Finney was a Pelham city police officer. Officer Finney's testimony shows that he determined Webb was speeding based on his observation of his radar. That same testimony shows that Webb was driving only ten miles per hour over the posted speed limit. OCGA § 40-14-8 (a) broadly prohibits the use of such evidence and clearly states that "no conviction shall be had thereon." We are aware of no authority that would preclude application of this statute in this case. Accordingly, because "[t]here was nothing from which the jury could have inferred that [Webb] was under the influence of [marijuana] *to the extent that [she] was a less safe driver*, such as additional evidence of [her] physical condition or conduct at the time of arrest[,] . . . [her] conviction and sentence for violation of OCGA § 40-6-391 (a) (2) must be set aside." *Sparks*, supra at 590 (2).

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 26, 1996.

*Robert H. Revell, Jr.*, for appellant.
*J. Brown Moseley, District Attorney, John A. Warr, Assistant District Attorney*, for appellee.