### A98A2026. LUCAS v. THE STATE.
(507 SE2d 253)

JOHNSON, Presiding Judge.

John Barry Lucas appeals his conviction of driving under the influence of alcohol.

1. Lucas challenges the sufficiency of the evidence. On appeal

---

the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463, 464 (1) (393 SE2d 737) (1990).

The evidence viewed in a light most favorable to the verdict is as follows: At 1:45 a.m., Lucas stopped the van he was driving at a roadblock. As the arresting officer approached the van, he detected a strong smell of alcohol. He observed that Lucas' eyes were red, glassy and "hazed over," and that his speech was slower than normal. The officer suspected that Lucas had been drinking alcohol and asked him to get out of the van. Lucas got out of the van after being asked to do so a second time. The officer saw that Lucas was unsteady on his feet. The officer noticed that once Lucas was outside the van, the smell of alcohol became very strong and definitely originated from Lucas. When asked how much alcohol he had consumed and when he consumed it, Lucas replied "no." Lucas refused to submit to a field alco-sensor test.

Lucas was given field sobriety exercises. Although he had been instructed to keep his hands at his sides, during the one legged stand exercise Lucas raised his hands to keep his balance, swayed and hopped once to keep from falling. Contrary to the instructions given him, Lucas also started the exercise before being told to do so. Lucas began the "heel to toe step and turn" exercise before being told to do so, then missed eight of the nine heel-to-toe steps, stumbled off line during the exercise, and hesitated before making the turn. The officer, who had received DUI training and who had made about 200 DUI stops, then placed Lucas under arrest for driving under the influence. After being read the implied consent warning, Lucas elected not to submit to a chemical test of his breath. He was transported to a local medical center where, after signing a written implied consent warning, he again refused to take a breath test.

At trial, Lucas did not object to the admission of his refusals to submit to an alco-sensor and a chemical test of his breath. His refusal to submit to an alco-sensor test and to a later chemical test of his breath is circumstantial evidence of his intoxication. See OCGA §§ 24-1-1 (4); 24-4-9; 40-6-392 (d); *Rawl v. State*, 192 Ga. App. 57, 58 (3) (383 SE2d 903) (1989). Two similar transaction DUI incidents involving Lucas were also admitted in evidence. All of this evidence was before the jury for its consideration along with the testimony of the arresting officer regarding his observations of Lucas. See generally OCGA § 40-6-392 (d); *Kennan v. State*, 263 Ga. 569 (436 SE2d 475) (1993); see also *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328) (1992) (evidence admitted without objection). Lucas' testimony conflicted with that of the arresting officer; the jury resolved

this conflict against Lucas.

We find that *Davis v. State*, 206 Ga. App. 647 (426 SE2d 267) (1992) is factually distinguishable from this case. In *Davis*, the officer smelled an odor of alcohol in the defendant's car but could not pinpoint the source and could not affirmatively determine whether the driver or his passengers had been drinking; and a blood sample taken three hours after the accident tested negative for alcohol and drugs. Id. at 647-648. Here there were no other passengers to which the odor could be attributed. Nor was Lucas willing to submit to testing.

Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the DUI offense of which convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Tuttle v. State*, 232 Ga. App. 530, 531 (1) (502 SE2d 355) (1998).

2. Lucas contends the trial court erred in admitting into evidence a videotape of a prior 1995 traffic stop of Lucas, which the state offered in addition to other evidence to establish the similarity between it and the current DUI incident. We disagree.

At trial, Lucas objected to the admission of the videotape on the following grounds: (i) the tape is prejudicial and simply evidences an attempt to show Lucas in an intoxicated condition; (ii) it has no relevance in the pending case; (iii) it does not show motive; (iv) it does not show bent of mind; it is merely cumulative of the evidence of Lucas' conviction; and (v) it puts Lucas' character in issue.

The videotape was admissible to show Lucas' bent of mind or course of conduct. *Fields v. State*, 223 Ga. App. 569, 571 (2) (479 SE2d 393) (1996). The trial court instructed the jury that the videotape evidence of the similar transaction was admissible only for the limited purpose of showing bent of mind or course of conduct. Similar transaction evidence can be introduced to prove bent of mind or course of conduct when there exists some logical connection between the similar transaction evidence and the charged offense so that the similar transaction evidence tends to establish the charged offense. Id.

Evidence of a prior DUI offense, regardless of the circumstances surrounding its commission, is logically connected with a pending DUI charge as it is relevant to establish that the perpetrator has the bent of mind to operate a motor vehicle when it is less safe for him to do so. Id.; see also OCGA § 24-2-1. As depicted by the testimony of the officer and by the videotape, there exist substantial similarities between the prior 1995 event and the DUI alleged in the current indictment. See *Okross v. State*, 210 Ga. App. 132, 133-134 (2) (435 SE2d 454) (1993). The Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. *Norman v.*

*State*, 197 Ga. App. 333, 336 (4) (398 SE2d 395) (1990).

The evidence was not unduly prejudicial in view of the limiting instructions given by the trial court; moreover, by admitting the similar transaction evidence, the trial court implicitly found that the probative value of the videotape was not outweighed by any potential for prejudice. See *Farley v. State*, 265 Ga. 622, 625 (2) (458 SE2d 643) (1995). Any issue regarding Lucas' character was raised, at most, incidentally by the admission of the similar transaction evidence. Relevant and material evidence is not rendered inadmissible merely because it incidentally places a defendant's character in issue. *Obiozor v. State*, 213 Ga. App. 523, 525 (3) (a) (445 SE2d 553) (1994).

We disagree with Lucas' contention that the circumstances surrounding a similar transaction cannot be established by use of a videotape taken at the scene of the incident. We also disagree with his contention that the videotape evidence was rendered cumulative merely because his record of previous conviction was admitted in evidence. The Supreme Court has recognized that a videotape seems to be a common mechanism for presenting representations of motion to the triers of fact. *Phagan v. State*, 268 Ga. 272, 279 (5) (486 SE2d 876) (1997). A videotape usually will be a more accurate means of depicting motion than either a still photograph or a verbal or written description.

Generally, the state cannot establish the circumstances surrounding a similar transaction incident merely by introducing a certified copy of a conviction. *Stephens v. State*, 261 Ga. 467, 468 (6) (405 SE2d 483) (1991); see also *Adams v. State*, 208 Ga. App. 29, 33 (3) (a) (430 SE2d 35) (1993) (whole court) (physical precedent only). The state has an obligation to present proof establishing a prima facie case for the admission of similar transaction evidence at trial. *Stephens*, supra at 469. The state may do this by the introduction of any admissible form of evidence, including both testimonial and demonstrative evidence, as the rules of evidence in this State are designed to facilitate discovery of the truth. See OCGA § 24-1-2. The trial court had discretion whether to admit or exclude the videotape. Furthermore, a trial court may properly exercise its discretion in deciding whether to admit cumulative evidence. *Reeb v. Daniels &c. Co.*, 193 Ga. App. 817, 820 (3) (389 SE2d 367) (1989). Lucas has failed to show that the trial court abused its discretion in admitting the videotape.

Lucas does not enumerate as error the admission into evidence of the certified copies of his 1995 DUI conviction or the testimony of the arresting officer regarding the 1995 incident. "[A]n enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration. [Cits.]" *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522) (1991); see *Krebsbach v. State*, 209 Ga. App. 474, 475 (2) (433 SE2d 649) (1993). Thus, these

issues are not before us on appeal.

3. Lucas contends that the trial court erred by denying his motion for mistrial after the state introduced certain prior DUI convictions other than his prior DUI convictions from 1988 and 1995. Lucas asserts that the admission of this evidence violated the court's pretrial order. This enumeration is without merit.

Lucas has failed to show that the trial court abused its discretion in implicitly denying the motion for mistrial. The trial court concluded that Lucas had opened the door to the admission of evidence to rebut "the defendant's impression to the jury that he is a man of good character who would not want to hurt anyone or disobey the law by driving under the influence." Appellant testified that he would know if he had too much to drink to be a safe driver. He also testified that he did not "care to break the law" and did not want "to endanger" anyone. The prohibition against the state's introduction of character evidence unless and until the defendant places his own character into issue does not preclude use of evidence to disprove facts testified to by the defendant. *Francis v. State*, 266 Ga. 69, 71 (2) (463 SE2d 859) (1995). The state is permitted to rebut statements of a defendant who testified at trial by disproving the facts to which the defendant testified. *Bounds v. State*, 207 Ga. App. 665, 666 (428 SE2d 673) (1993). The trial court did not abuse its discretion in overruling Lucas' motion for mistrial on this issue.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 25, 1998 — 

*Lee Sexton*, for appellant.
*Keith C. Martin, Solicitor, Rebecca G. Simpson, Assistant Solicitor*, for appellee.