## A00A1328. WOODWARD v. THE STATE.

(537 SE2d 791)

MILLER, Judge.

After a bench trial, William Woodward was convicted of possession of cocaine, driving without insurance, and driving while his license was revoked. He appeals, challenging the denial of his motion to suppress.

Upon review of the denial of a motion to suppress, the appellate court construes the evidence in the light most favorable to the trial court's judgment, and its findings of fact based on conflicting evidence must be accepted unless clearly erroneous.[1] So construed, the evidence shows that police officers were observing and following Woodward's truck when he made "an abrupt right turn into a driveway" without signaling. Officers then stopped Woodward, and when asked for his driver's license and proof of insurance, Woodward replied he had neither. One of the officers then asked Woodward how much "dope" he had in the vehicle, to which Woodward replied "a little bit." Woodward indicated where the drugs were in the vehicle, and officers recovered what was later tested to be cocaine. The trial court denied the motion to suppress, finding that the stop of Woodward's vehicle was not pretextual in that he committed the traffic offense of failing to use a turn signal in violation of OCGA § 40-6-123.

Woodward argues that he was not required to use a turn signal in this circumstance and that there is no testimony that his failure to signal endangered anyone's safety. In support of this assertion, Woodward cites *Clark v. State*,[2] which is not controlling as it is physi-

---

[21] *Moore v. State*, 242 Ga. App. 249, 252 (1) (b) (529 SE2d 381) (2000); *Richards v. State*, 232 Ga. App. 584, 588-589 (5) (502 SE2d 519) (1998).

[1] *Roberts v. State*, 242 Ga. App. 120 (527 SE2d 617) (2000).

[2] 208 Ga. App. 896 (432 SE2d 220) (1993) (physical precedent only).

cal precedent only.[3] Moreover, *Clark* is distinguishable in that the police officer in that case was 300 feet behind the defendant's vehicle.[4] And "in ruling that the defendant was not required to use his turn signal, this Court stated that this type of exit ramp is designed to emerge from the outside traffic lane and allows vehicles to enter safely from that lane without the use of a turn signal when no other vehicles are in the area."[5] In *Clark*, it was undisputed that there were no other cars in the vicinity.[6]

Here, however, it is undisputed that the officers' car was immediately behind Woodward's vehicle, and Woodward himself testified that he was aware that the officers were behind him. Although Woodward testified that he did in fact use his turn signal, the credibility of the witness and the weight to be given his testimony rest with the trier of fact.[7]

In accordance with OCGA § 40-6-123, Woodward was required to use his signal to alert the officers behind him of his intention to turn right.[8] Upon observing Woodward commit a traffic offense, the officers were authorized to stop him.[9]

Woodward also contends that the officer did not conduct a mere traffic stop investigation but instead immediately and without articulable suspicion expanded the scope of the investigation by inquiring whether Woodward had drugs in his vehicle. Once it was evident that Woodward had no license or insurance, the officers were empowered to arrest Woodward and to conduct a vehicle search pursuant to a lawful arrest, whereupon the cocaine would have been discovered.[10] Therefore, any alleged error on the part of the officers in questioning Woodward is overshadowed by the inevitable discovery of the cocaine.[11]

The court did not err in denying the motion to suppress.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

---

[3] Court of Appeals Rule 33 (a).

[4] *Clark*, supra, 208 Ga. App. at 898 (1).

[5] (Punctuation omitted.) *Trippe v. State*, 219 Ga. App. 250-251 (464 SE2d 655) (1995), citing *Clark*, supra, 208 Ga. App. at 898 (1).

[6] Id.

[7] *State v. Aguirre*, 229 Ga. App. 736, 737 (494 SE2d 576) (1997).

[8] *Trippe*, supra, 219 Ga. App. at 251.

[9] *Harris v. State*, 239 Ga. App. 537, 540 (2) (a) (521 SE2d 462) (1999); *Buffington v. State*, 229 Ga. App. 450, 451 (494 SE2d 272) (1997) ("if the arresting officer witnessed the driver breaking even a relatively minor traffic law, a motion to suppress under the Fourth Amendment arguing that the stop was pretextual must fail.") (citation omitted).

[10] See *Vega v. State*, 236 Ga. App. 319, 320 (512 SE2d 65) (1999).

[11] See *Gearin v. State of Ga.*, 218 Ga. App. 390, 391 (1) (461 SE2d 562) (1995) (when evidence would inevitably be discovered without reference to police error, the evidence is admissible).

DECIDED JULY 28, 2000 ▮▮▮▮▮▮▮

*Gilbert J. Murrah*, for appellant.

*J. Brown Moseley, District Attorney, Minerva S. Cansino, Assistant District Attorney*, for appellee.