A00A1887. JOHNSON v. THE STATE.
(546 SE2d 922)

POPE, Presiding Judge.
Defendant Scott Richard Johnson was found guilty of DUI following a bench trial. He appeals, contending the trial court erred in denying his motion to suppress and that the evidence was insufficient to support his conviction.

The arresting officer testified that he was traveling eastbound on Highway 54 at Shakerag Hill in Fayette County when he observed Johnson change lanes three times without signaling. The officer testified that there were approximately three to four cars on the road, including his car, at that time. The officer further testified, "the lane changes seemed very fast as he was driving, coming up behind the car and going into the other lane without signaling." The officer acti-

vated his blue lights, and Johnson pulled into a shopping center. The officer testified that he initially talked with Johnson through the open driver's window of Johnson's car and that he could smell a very strong odor of an intoxicating beverage coming from Johnson's breath and person. The officer asked Johnson if he had been drinking, and Johnson responded he had consumed three glasses of wine. The officer testified that Johnson's speech was slurred, his eyes were bloodshot, his pupils were dilated, his face was flush, but that his clothing was orderly. Johnson informed the officer he had a sore throat, and the officer noted that Johnson's speech was slow and "kind of crackly." The officer testified Johnson had no difficulty exiting his vehicle, but that his "turning was hesitant."

Based on these observations, the officer asked Johnson to perform several field sobriety tests. The officer testified that Johnson's performance indicated to him that Johnson was under the influence of intoxicants. Johnson, after some difficulty, blew into an alcosensor, which registered positive for alcohol. The officer testified he then placed Johnson under arrest because it was his opinion that Johnson was under the influence to the extent that he was a less safe driver. Johnson refused to take a state-administered test to determine alcohol concentration in his blood or urine.

1. Johnson argues the trial court erred in denying his motion to suppress, contending that the stop of his vehicle was not authorized based upon his failure to signal when changing lanes. In support of this contention, Johnson cites *Bowers v. State*, 221 Ga. App. 886 (473 SE2d 201) (1996) (physical precedent only); *Clark v. State*, 208 Ga. App. 896 (432 SE2d 220) (1993) (physical precedent only), and similar cases in which we held the stop illegal because traffic or road conditions were such that a signal was not required to change lanes or to turn "with reasonable safety," as provided in OCGA § 40-6-123. However, in this case the arresting officer testified that he observed Johnson change lanes three times without signaling and that, including the officer's car, there were three or four cars on the roadway when he made his observations. Moreover, the officer testified that the lane changes were abrupt. We agree with the state that these facts distinguish those cases in which a lane change or turn could be made with reasonable safety without a signal and that the officer's testimony indicates instead that the lane changes here were not made with reasonable safety. *Huynh v. State*, 239 Ga. App. 62, 63 (1) (518 SE2d 920) (1999); *State v. Reddy*, 236 Ga. App. 106, 107-108 (1) (511 SE2d 530) (1999); see also *Roberson v. State*, 230 Ga. App. 179, 180 (495 SE2d 643) (1998). And when the arresting officer observes the defendant violating even a relatively minor traffic law, a motion to suppress arguing that the stop was pretextual will fail. See, e.g., *State v.*

*Reddy*, 236 Ga. App. at 109 (2).[1]

2. Johnson also challenges the sufficiency of the evidence, arguing there was no evidence that he was under the influence to the extent that he was a less safe driver. Johnson argues that the only evidence of intoxication was the officer's testimony that he smelled alcohol and Johnson's admission that he had consumed several glasses of wine. Johnson argues further that the officer's observations about his speech and appearance either were refuted by the videotape of the stop or were insufficient to indicate he was driving less safely because of alcohol impairment. Likewise, Johnson argues that the videotape does not support the trial court's finding that Johnson exhibited confusion about exiting his vehicle or that he stumbled as he was exiting his vehicle. Johnson additionally urges that the results of the field sobriety tests should be disregarded because the videotape demonstrates that the officer did not properly conduct the tests.

We agree with Johnson that the videotape refutes the officer's testimony that his speech was slurred and demonstrates that his motor skills were not grossly impaired. And it is true, as Johnson argues, that we have previously held that evidence that a driver has consumed alcohol earlier in the evening, standing alone, does not prove that he was under the influence to the extent that he was a less safe driver. *Davis v. State*, 206 Ga. App. 647, 648 (426 SE2d 267) (1992); *Clay v. State*, 193 Ga. App. 377, 378-379 (387 SE2d 644) (1989). However, in this case there is additional evidence of Johnson's impairment.

First, Johnson's refusal to take the state-administered chemical test was admissible as circumstantial evidence of his intoxication. See *Kelly v. State*, 242 Ga. App. 30, 33-34 (5) (528 SE2d 812) (2000); *Lucas v. State*, 234 Ga. App. 534, 535 (1) (507 SE2d 253) (1998). And, although the videotape refuted the officer's testimony that Johnson's speech was slurred, the officer also testified that Johnson's eyes were bloodshot, his pupils dilated, and his face was flushed. Additionally, the officer testified about the manner in which Johnson was driving, specifically that he came up fast behind other cars and abruptly passed them.

> Evidence as to the manner of driving . . . may be taken into account where there is evidence that the defendant has been drinking, for the purpose of determining whether or not his

---

[1] Johnson's additional argument that the stop was pretextual because the videotape shows the arresting officer did not signal when he was changing lanes while transporting Johnson to the police station is also unavailing. At trial, evidence concerning the officer's driving was deemed irrelevant, and this ruling has not been enumerated as error on appeal.

manner of driving shows him to have been affected by the intoxicant to the extent that he drives less safely and carefully than he might otherwise have done. . . .

(Citation and punctuation omitted.) *Duggan v. State*, 225 Ga. App. 291, 293 (1) (483 SE2d 373) (1997).

Moreover, we are not persuaded, as Johnson urges, to entirely discount his performance on the field sobriety tests. Although there were, as the trial court noted, "deviations from protocol" in the manner in which the field sobriety tests were conducted, the videotape clearly shows that Johnson failed on several occasions to follow the officer's instructions on how to perform the tests. For example, the officer clearly and repeatedly instructed Johnson to hold his hands at his side, but Johnson instead placed his hands behind his back. Johnson also failed to start and stop the tests in accordance with the officer's instructions. And the arresting officer testified that failure to follow instructions during the field sobriety tests is an indicator that the person performing the tests is under the influence of intoxicants.

The evidence presented at trial was sufficient to authorize the trier of fact to find that Johnson was under the influence to the extent that it was less safe for him to drive under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Kelly v. State*, 242 Ga. App. at 31 (1); *Lucas v. State*, 234 Ga. App. at 535-536 (1); *Duggan v. State*, 225 Ga. App. at 293-294 (1). Compare *Brinson v. State*, 232 Ga. App. 706 (503 SE2d 599) (1998) (physical precedent only).

*Judgment affirmed. Miller and Mikell, JJ., concur.*

DECIDED MARCH 21, 2001 —
RECONSIDERATION DENIED APRIL 6, 2001 ▮▮▮▮▮▮▮▮

*William C. Head,* for appellant.

*Steven L. Harris, Solicitor-General, Lura H. Landis, Assistant Solicitor-General,* for appellee.