A05A1987. SALINAS-VALDEZ v. THE STATE.
(624 SE2d 278)

Barnes, Judge.

Miguel Angel Salinas-Valdez appeals his convictions of trafficking in methamphetamine, possession of methamphetamine with intent to distribute, forgery in the first degree, and giving a false name to a police officer. He contends that the trial court erred in denying his motion to suppress and in allowing evidence of similar transactions, and that the evidence was insufficient to sustain the two drug charges (which were merged for sentencing). For the reasons that follow, we affirm the convictions.

1. In considering the denial of a motion to suppress, we construe the evidence in the light most favorable to the trial court's judgment, and its findings of fact based on conflicting evidence must be accepted unless clearly erroneous. Woodward v. State, 245 Ga. App. 409 (537 SE2d 791) (2000). So construed, the evidence shows that one of two sheriff's deputies traveling on a highway observed a car behind them change lanes without signaling and then pull in front of their patrol car. Traffic was "medium heavy to heavy" with approximately 20 vehicles nearby traveling in the same direction. In the officer's opinion, the lane change was unsafe. The deputy also noticed that the front of the car was covered with duct tape that completely obscured the front turn signals, and instigated a traffic stop.

One officer spoke to the driver, Victor Ontiveros, and obtained his driver's license and insurance information. When asked where he was going, Ontiveros said he was headed to Atlanta to meet a friend coming in from Birmingham. The other officer spoke with the passenger of the car, who said the two men were traveling to Atlanta to look for construction work. In response to a request for identification, the passenger handed the officer a card with the passenger's picture and the name Porfirio Diaz. The officer took the card and the driver's information to check for outstanding warrants, then stepped outside the patrol car to begin writing a warning ticket.

Meanwhile, Ontiveros, whose English was good, was relaxed and calm, and upon request granted the first officer consent to search the car. As the second officer was writing the ticket, he suddenly noticed

the passenger had approached his right side, where he carries his weapon. The officer dropped the ticket book, covered his gun, and told the passenger to step back. The passenger, who was later identified as Salinas-Valdez, turned and ran into the woods, refusing orders to stop. The first officer gave chase and eventually caught Salinas-Valdez after subduing him with pepper spray. When the officers began to search the car, they saw a fast food bag between the two front bucket seats, which contained a plastic grocery bag. Inside that bag were two bundles wrapped in hot pink plastic wrap containing approximately three pounds of methamphetamine.

Salinas-Valdez argues that the initial stop was illegal because it was pretextual and the deputy lacked probable cause. Thus, he argues, the trial court erred in denying his motion to suppress. OCGA § 40-6-123 provides, in relevant part, that

> (a) No person shall . . . change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety. . . . (b) A signal of intention to turn right or left or change lanes when required shall be given continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction or a driver of a vehicle approaching from the opposite direction.

"The statute's language indicates that a turn signal is not required if changing lanes without a signal is reasonably safe. The deputy's testimony indicated that [Ontiveros's] driving was not 'reasonably safe' within the meaning of the statute. [Cits.]" *Huynh v. State*, 239 Ga. App. 62, 63 (1) (518 SE2d 920) (1999). While Salinas-Valdez disputes the deputy's testimony, the trial court found the deputy credible and we defer to that judgment. Thus, we find the deputy had a sufficiently specific basis to justify the initial stop, and the trial court did not err in denying the motion to suppress. Moreover, it is immaterial that Salinas-Valdez was not charged with violating OCGA § 40-6-123. *Buffington v. State*, 228 Ga. App. 810, 813 (492 SE2d 762) (1997).

2. Salinas-Valdez contends that the trial court erred in admitting evidence of a similar transaction because it was not sufficiently similar to the offense for which he was tried and because the evidence of the prior crime was not relevant to the issues of the case.

> Before evidence of prior crimes is admissible, the trial court must determine that the State has affirmatively shown that: (1) the State seeks to admit evidence of the independent offenses or acts for an appropriate purpose; (2) there is

sufficient evidence that the accused committed the independent offenses or acts; and (3) there is sufficient connection or similarity between the independent offenses or acts and the crimes charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). See also Uniform Superior Court Rule 31.3 (B).

*Palmer v. State*, 271 Ga. 234, 239 (8) (a) (517 SE2d 502) (1999). "An appellate court should not disturb the findings of the trial court on the issue of similarity or connection of similar transaction evidence unless they are clearly erroneous." (Citations and punctuation omitted.) *Smith v. State*, 273 Ga. 356, 357 (2) (541 SE2d 362) (2001).

In this case, the State sought to introduce evidence that two months earlier, Tennessee officials executed a search warrant on Salinas-Valdez's mobile home. In the living room, the officers found 12.9 pounds of marijuana bundled in green and pink plastic wrap. In his bedroom, they found 329.6 grams of cocaine and scales in his closet, and $12,000 packaged in pink plastic wrap under his mattress. The defendant admitted that the drugs and cash belonged to him.

A similar transaction need not be identical to be admissible. *Dobbs v. State*, 204 Ga. App. 83, 85 (418 SE2d 443) (1992). In this case, the incidents occurred only two months apart and both involved very large quantities of contraband wrapped with pink plastic wrap. The trial court's holding that the Tennessee incident was admissible to show a course of conduct and bent of mind was not clearly erroneous, and thus we find no error.

3. Finally, Salinas-Valdez contends that the evidence against him was insufficient to sustain his two drug convictions, because he was only a passenger in the car and mere proximity to the contraband is not enough.

We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Raby v. State*, 274 Ga. App. 665 (618 SE2d 704) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id. So construed, the evidence showed that Salinas-Valdez and Ontiveros gave different responses when the arresting officers asked them where they were going; the drugs were in a bag between the passenger's and driver's seats; Salinas-Valdez fled the scene; and the packaging of the methamphetamine was very similar to the packaging of the cocaine, marijuana, and cash found at Salinas-Valdez's residence two months earlier. We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Salinas-Valdez guilty beyond a reasonable doubt of trafficking in

methamphetamine and of possession of methamphetamine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED DECEMBER 8, 2005.

*H. Bradford Morris, Jr., Nicki N. Vaughan, James C. Bonner, Jr.,* for appellant.

*Jason J. Deal, District Attorney, Lee Darragh, Alison W. Toller, Assistant District Attorneys*, for appellee.