[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11685

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID JARRELL GAUSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cr-00010-TES-CHW-1

_____

Before ROSENBAUM, JILL PRYOR and DUBINA, Circuit Judges.

PER CURIAM:

Appellant David Jarrell Gause appeals his conviction for possession of methamphetamine with intent to distribute.  He argues that the district court erred in denying his motion to suppress when it found that Officer Thompson had probable cause to believe that Gause had committed a traffic violation when he conducted the traffic stop and discovered the illegal substance in Gause's vehicle.  Gause challenges only the district court's factual finding that the officer had probable cause, not the district court's legal conclusion.  After having read the parties' briefs and reviewed the record, we affirm the district court's order denying Gause's motion to suppress and thus his conviction.

## I.

When reviewing the denial of a motion to suppress, we review the district court's factual determinations for clear error and the application of the law to those facts *de novo*.  *United States v. Ransfer*, 749 F.3d 914, 921 (11th Cir. 2014).  All facts are construed in the light most favorable to the prevailing party below.  *Id.*  We afford substantial deference to the factfinder's credibility determinations.  *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012).  We will only reverse a factual finding if it is "contrary to the

laws of nature, or is so inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Cavallo*, 790 F.3d 1202, 1227 (11th Cir. 2015) (internal quotation marks omitted).

## II.

The Fourth Amendment protects against unreasonable searches and seizures. U.S. CONST. AMEND. IV. Under the exclusionary rule, evidence cannot be used against a defendant in a criminal trial where that evidence was obtained via an encounter with police that violated the Fourth Amendment. *United States v. Perkins*, 348 F.3d 965, 969 (11th Cir. 2003). A traffic stop is a seizure within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809-10, 116 S. Ct. 1769, 1772-73 (1996). An officer making a stop must have reasonable suspicion, or "a particularized and objective basis for suspecting the person stopped of criminal activity." *United States v. Campbell*, 26 F.4th 860, 880 & n.15 (11th Cir.) (*en banc*) (quotation marks omitted) (noting that probable cause is sufficient to comply with the Fourth Amendment, but only reasonable suspicion is necessary), *cert. denied*, 143 S. Ct. 95 (2022).

The decision to stop a vehicle is reasonable where the police have probable cause to believe that a traffic violation has occurred. *Whren*, 517 U.S. at 810. There is probable cause to conduct a traffic stop where an officer observes a defendant make an illegal lane change. *United States v. Harris*, 526 F.3d 1334, 1338 (11th Cir.

2008) (noting that failure to signal during a lane change violates O.C.G.A. § 40-6-123).  Georgia law provides:

> No person shall ... change lanes or move right or left upon a roadway unless and until such movement can be made with reasonable safety. ... A signal of intention to turn right or left or change lanes when required shall be given continuously for a time sufficient to alert the driver of a vehicle proceeding from the rear in the same direction or a driver of a vehicle approaching from the opposite direction.

O.G.C.A. § 40-6-123(a)-(b).

Georgia courts have held that a defendant violates this statute when he makes a signal-less lane change while there are other cars nearby.  *See, e.g.*, *Salinas-Valdez v. State*, 624 S.E.2d 278, 279-80 (Ga. Ct. App. 2005) (holding that a defendant violated § 40-6-123 for making a signal-less lane change that resulted in him pulling in front of a police car while traffic was "medium heavy to heavy"); *Tukes v. State*, 511 S.E.2d 534, 536 (Ga. Ct. App. 1999) (holding that a signal-less lane change violated § 40-6-123(b) when there were other cars in the immediate area).  Further, Georgia courts have interpreted the statutory language of O.G.C.A. § 40-6-123 such that a turn signal is not required when a lane change can be made with "reasonable safety."  *Bowers v. State*, 473 S.E.2d 201, 203 (1996) (holding that there was no probable cause that § 40-6-123 was violated when the nearest following car was 100 yards away).

**III.**

The record indicates that the district court did not err in concluding that the traffic stop was supported by probable cause. We give substantial deference to the district court's determination that Officer Thompson's testimony was credible. *Lewis*, 674 F.3d at 1303. Even though there was no corroborating evidence, the district court explicitly considered Thompson's experience, his demeanor, tone, manner of testifying, and body language in making this finding, so there is no indication that no reasonable factfinder could have come to this conclusion. *See Cavallo*, 790 F.3d at 1227.

Taking Officer Thompson's testimony as credible, which we are bound to do, *see United States v. Aldridge*, 719 F.2d 368, 373 (11th Cir. 1983) (stating that absent clear error, a district court's credibility findings at a suppression hearing are binding on our court), we conclude that he had probable cause to conduct the traffic stop. Officer Thompson testified that he observed Gause change lanes in front of another vehicle that was 50 to 75 feet behind Gause. *See Whren*, 517 U.S. at 810; *Harris*, 526 F.3d at 1338. Officer Thompson knew that changing lanes 50 to 75 feet in front of another vehicle without a turn signal could not be done without reasonable safety and was therefore a violation of O.G.C.A. § 40-6-123. This is consistent with Georgia courts' interpretation of the statute. *See Salinas-Valdez*, 624 S.E.2d at 279-80; *Tukes*, 511 S.E.2d at 536.

At the suppression hearing, Gause argued to the district court that Officer Thompson's video dashboard camera did not show the other vehicle on the road; however, he did not offer any

evidence to contradict Officer Thompson's testimony that the vehicle was 50-75 feet behind Gause when he made the lane change without using his turn signal.  Officer Thompson's testimony is not contradicted by the dashboard camera's failure to record the lane-change infraction or failure to record the car that was behind Gause when he changed lanes.  As Officer Thompson explained at the suppression hearing, the lane-change infraction was not recorded on video for a simple reason: The camera was not activated until Officer Thompson turned on his emergency lights to make the traffic stop, which he did only *after* the infraction had already occurred. The car that Gause changed lanes in front of was not recorded on video for a similarly simple reason: When the driver of that car saw Officer Thompson activate his emergency lights and begin to move from the left lane to the middle lane, that driver "fell back" and remained some distance back so the vehicle was outside the frame of the forward-facing camera. Given these straightforward explanations—credited by the district court—Officer Thompson's testimony is in no way contradicted by the video's failure to show the lane change or the car in question.

Gause fails to demonstrate that the district court clearly erred in its factual finding that Officer Thompson had probable cause to believe that Gause committed a traffic infraction and effected a traffic stop for this violation.  Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Gause's motion to suppress and his conviction.

**AFFIRMED.**