### 73655. BENTLEY v. THE STATE.
(358 SE2d 274)

POPE, Judge.

Jimmy L. Bentley was convicted of possession of cocaine and was sentenced to serve ten years.

1. The evidence adduced at trial was sufficient to enable any rational trier of fact to find appellant guilty of possession of cocaine, a violation of the Georgia Controlled Substances Act, beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant argues that the trial court erred in allowing the State to elicit testimony from Sergeant Edge about needle marks he observed on appellant's arms. The record shows that the State's theory of the case was that appellant had injected cocaine. On direct, the State asked Edge if he had observed anything unusual about appellant's arms. Edge then replied with his testimony about observing needle marks. No objection to this testimony was made by appellant's counsel. On cross, appellant's counsel went into great detail with Edge about the needle marks. It was at this point that appellant moved for a mistrial on the basis that his character had been improperly put into issue. We find no error. The evidence adduced on direct was relevant to the State's theory of the case, that appellant had injected cocaine. Evidence which is otherwise admissible does not become inadmissible because it incidentally put appellant's character into issue. *Calloway v. State*, 165 Ga. App. 511, 512 (301 SE2d 678) (1983).

3. Appellant argues that the trial court erred in charging the jury that presence of cocaine in the blood of appellant was evidence that

he had ingested cocaine and that some time within the immediate past appellant had possessed the cocaine he ingested. The charge is based upon *Stevens v. State*, 165 Ga. App. 814 (1) (302 SE2d 724) (1983). Appellant argues that because the representatives of the Georgia Crime Lab testified that the parent compound cocaine was not found in the blood analyzed, and because appellant denied possession, it was an erroneous charge. We do not agree. The record shows that while no parent compound cocaine was found, cocaine metabolites were found in appellant's blood, and that the quantity found suggested that he had ingested a large quantity of cocaine in the 24-hour period preceding the blood test. Further, appellant's co-defendant testified that appellant had ingested cocaine on the night in question. Appellant's reliance on the dissent by Judge Carley in *Stevens* is unfounded. There, Judge Carley argued that the evidence against Stevens was entirely circumstantial, and that evidence that he ingested cocaine within the 24-hour period before the blood test was not evidence that he possessed the cocaine which was found in his co-defendant's possession. In the present case there is direct testimony that both the co-defendant and appellant possessed cocaine and ingested it. Thus, the charge was proper.

4. Finally, appellant argues that it was improper for the trial court to charge that it is unlawful to possess, distribute, dispense, administer, sell or possess with intent to distribute cocaine. While the court did charge the entire section, a further reading of the charge shows that the court gave further instructions which confined the jury's consideration to the issue of possession. In such a case, there is no error. *Caithaml v. State*, 163 Ga. App. 429 (2) (294 SE2d 674) (1982).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MAY 28, 1987.

*John Kirby*, for appellant.
*Robert F. Mumford, District Attorney*, for appellee.