## 77413. BUFFINGTON v. THE STATE.
(378 SE2d 884)

CARLEY, Chief Judge.

Appellant was tried before a jury and convicted of possession of cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilty.

1. Appellant enumerates the general grounds. The evidence showed the following: Appellant was arrested for driving under the influence. He consented to the performance of a blood test. A sample of appellant's blood was tested by a forensic toxicologist at the Georgia State Crime Lab. The testing of the sample revealed the presence of a cocaine metabolite which "only comes from cocaine."

"The presence of cocaine in a defendant's bodily fluids is considered to be direct positive evidence of possession of cocaine. [Cit.]" *Cauthen v. State*, 177 Ga. App. 565, 566 (340 SE2d 199) (1986). See also *Bentley v. State*, 183 Ga. App. 112, 113 (3) (358 SE2d 274) (1987). Accordingly, there was sufficient evidence produced at trial to authorize any rational trior of fact to find appellant guilty beyond a reasonable doubt of possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stevens v. State*, 165 Ga. App. 814, 815 (1) (302 SE2d 724) (1983).

2. The admission into evidence of the results of the analysis of appellant's blood samples is enumerated as error. Appellant urges that there was no proof that the blood was taken by a qualified individual.

"When a person shall undergo a chemical test at the request of a law enforcement officer under [OCGA §] 40-5-55, only a physician, registered nurse, laboratory technician, or other qualified person may withdraw blood for the purpose of determining the alcoholic content therein. . . ." OCGA § 40-6-392 (2). The undisputed testimony was that appellant's blood sample was taken by a laboratory technician at Northeast Georgia Medical Center. Accordingly, this enumeration is without merit.

3. The State was allowed to introduce into evidence the results of the blood tests over appellant's further objection that a proper chain of custody for the blood samples had not been established. This evidentiary ruling is enumerated as error.

" '(W)here the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve

the identity of the evidence. [Cit.] Hence, the burden is on the prosecution "to show with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution." [Cit.] However, the State need not negate all possibility of tampering, and "need only establish reasonable assurance of the identity" of the confiscated evidence. [Cits.]' [Cit.]" *Johnson v. State*, 184 Ga. App. 745 (1) (362 SE2d 450) (1987). See also *Rucker v. State*, 250 Ga. 371, 373 (1) (297 SE2d 481) (1982); *Meadows v. State*, 135 Ga. App. 758 (219 SE2d 174) (1975). " 'In proving the chain of custody, the offering party is not required to show that the substance was guarded closely each minute, and in the absence of a showing to the contrary, the chain is not thereby broken. Moreover, in the absence of probative evidence of tampering, the chain is not shown to be broken, and where there is only a bare speculation of tampering, it is proper to admit the evidence and let any doubt go to its weight. [Cit.]' [Cit.]" *Fowler v. State*, 179 Ga. App. 492, 494 (4) (347 SE2d 322) (1986).

In the present case, there was, at most, "only a bare speculation of tampering." Accordingly, the evidence was properly admitted and the jury was properly instructed as to the State's burden with regard to the chain of custody of the blood sample.

*Judgment affirmed. Deen, P. J., concurs. Sognier, J., concurs in judgment only.*

DECIDED FEBRUARY 6, 1989 —
REHEARING DENIED FEBRUARY 20, 1989 — 

*Robinson Law Firm, LeRoy M. Robinson, Jr.,* for appellant.
*C. Andrew Fuller, District Attorney, Jessica K. Vaughn, Assistant District Attorney,* for appellee.