## S90G0665. GREEN v. THE STATE.
### (398 SE2d 360)

BENHAM, Justice.

Appellant, on probation from a conviction for obstruction of an officer, was stopped by police in an area known to police as a "heavy drug activity area" after an officer witnessed appellant taking part in what the officer believed was a drug transaction. No contraband was found, but the officer, having determined that appellant was on probation and knowing that as a condition of his probation appellant was required to provide a urine sample to law enforcement officers upon request, escorted appellant to the police station where he was required to produce a urine sample.[1] After learning that the urinalysis revealed the presence of cocaine metabolites, the officer charged appellant with possession of cocaine. Appellant was convicted of the crime, and his conviction was affirmed by the Court of Appeals. *Green v. State,* 194 Ga. App. 343 (390 SE2d 285) (1990). We granted certiorari to review whether the evidence presented against appellant was sufficient to authorize his conviction, and whether the use in a criminal prosecution of a urine sample procured by means of a condition of probation violated the constitutional right not to incriminate oneself.

1. The initial issue is the sufficiency of the evidence presented against appellant. See *Lewis v. State,* 248 Ga. 566 (1) (285 SE2d 179) (1981). The State's case consisted of the urinalysis test results showing the presence of cocaine metabolites in appellant's urine sample, and the testimony of a certified urinalysis field technician that cocaine metabolites are detectible in an individual's urine two-four days after the individual ingests cocaine.

The Court of Appeals has consistently ruled that evidence of cocaine metabolites in an individual's urine is "direct positive evidence" that the individual ingested cocaine at sometime in the immediate past before the urine sample was given, and had therefore possessed the cocaine he subsequently ingested. *Sparks v. State,* 195 Ga. App. 589 (1) (394 SE2d 407) (1990); *Buffington v. State,* 190 Ga. App. 365

---

[1] The condition of probation provided:

Probationer shall, from time to time upon oral or written request by any Probation Supervisor, or by any city, county or state law enforcement officer, produce a breath, spittle, urine, and/or blood specimen for analysis for the possible presence of a substance prohibited or controlled by any law of the State of Georgia or of the United States.

(378 SE2d 884) (1989); *Bentley v. State*, 183 Ga. App. 112 (358 SE2d 274) (1987); *Cauthen v. State*, 177 Ga. App. 565 (340 SE2d 199) (1986); *Stevens v. State*, 165 Ga. App. 814 (302 SE2d 724) (1983). We perceive the nature of such evidence differently.

" 'Direct evidence' means evidence which immediately points to the question at issue." OCGA § 24-1-1 (3). The presence of cocaine metabolites in body fluid is direct evidence only of the fact that cocaine was introduced into the body producing the fluid, and is not direct evidence that the person possessed the cocaine.[2] Rather, the presence of cocaine metabolites in body fluid is only *circumstantial* or *indirect* evidence, i.e., "evidence which only tends to establish [that the person possessed cocaine] by proof of various facts, sustaining by their consistency the hypothesis claimed." See OCGA § 24-1-1 (4). We therefore disapprove of the holding in the above-cited cases that the presence of cocaine metabolites in body fluid constitutes direct, positive evidence that the person who produced the body fluid possessed cocaine.

The amicus curiae questions whether the State presented sufficient evidence of venue. "The venue of a crime is a jurisdictional fact, and must be proved as a part of the general case." *Dempsey v. State*, 52 Ga. App. 35 (2) (182 SE 56) (1935).

> If in any case it cannot be determined in what county a crime was committed, it shall be considered to have been committed in any county in which the evidence shows beyond a reasonable doubt that it might have been committed. [OCGA § 17-2-2 (h).]

Where venue is not contested at trial, slight proof of venue will suffice. *Jackson v. State*, 177 Ga. App. 718 (341 SE2d 274) (1986). In the case at bar, there was evidence that appellant was present in Dougherty County immediately before giving the urine sample that contained the cocaine metabolites, and there was evidence that cocaine metabolizes in the human body "very quickly." The State presented sufficient evidence, albeit circumstantial, in the case at bar to authorize the jury to find appellant guilty beyond a reasonable doubt of possession of cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts that the State's use of the urine sample as

---

[2] Cocaine introduced into the human body for medical purposes would result in cocaine metabolites being formed in the body fluids of the patient without the patient having first possessed it. In this case, there was evidence that the inhalation of secondary smoke from cocaine smokers could produce metabolites of cocaine in the urine of one who was present but not smoking.

evidence against him violated his state constitutional right against self-incrimination. 1983 Ga. Const., Art. I, Sec. I, Par. XVI.

> Georgia has long granted more protection to its citizens than has the United States and that while the States cannot grant less protection they can grant more. . . . While the language in the United States Constitution has been construed to be limited to "testimony," the Georgia Constitution has been construed to limit the State from forcing the individual to present *evidence*, oral or real. . . . You cannot force a defendant to act, but you can, under proper circumstances, produce evidence from his person.

*Creamer v. State*, 229 Ga. 511, 515-17 (192 SE2d 350) (1972). We adopt, with some modification, the holding of the Court of Appeals in *Robinson v. State*, 180 Ga. App. 43 (3) (348 SE2d 662) (1986), reversed on other grounds, 256 Ga. 564 (350 SE2d 464) (1986): the use of a substance naturally excreted by the human body does not violate a defendant's right against self-incrimination under the Georgia Constitution. Thus, the use of appellant's urine sample did not violate appellant's constitutionally-protected right against self-incrimination.

In light of the above analysis, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 3, 1990 —
RECONSIDERATION DENIED DECEMBER 19, 1990.

*Beauchamp & Associates, Kermit S. Dorough, Jr.*, for appellant.
*Britt R. Priddy, District Attorney, Henry Jones, Assistant District Attorney*, for appellee.