## A98A1517. NAWROCKI v. THE STATE.
(510 SE2d 301)

ELDRIDGE, Judge.

Daniel P. Nawrocki appeals a Cherokee County jury's verdict finding him guilty of driving with an unlawful alcohol concentration. OCGA § 40-6-391 (a) (4). He appeals and challenges the trial court's denial of his motion to suppress the results of an intoxilyzer test.

Nawrocki was stopped by a Cherokee County Sheriff's deputy for

speeding on Bells Ferry Road. After approaching and speaking to Nawrocki, the officer detected an odor of alcohol and asked Nawrocki to submit to field sobriety tests. Nawrocki consented. After conducting several such tests, including an alco-sensor test, the deputy concluded that Nawrocki was a less safe driver and placed him under arrest for DUI. The officer read Nawrocki the implied consent notice, which included the advisement that Nawrocki had the right to an additional test of his breath, blood or urine by qualified personnel of his own choosing.

Nawrocki consented to taking the State-administered breath test. He was transported to the Sheriff's office where a breath test was conducted showing a blood-alcohol concentration of .10. Thereafter, he was transported to the Cherokee County jail, which also had an intoxilyzer. En route thereto and, again, at the jail, Nawrocki requested a second, State-administered breath test. A second breath test was not conducted. *Held*:

1. Nawrocki contends that the implied consent notice, OCGA § 40-5-67.1 (b) (2), is unconstitutional because it does not inform a DUI suspect of his right against self-incrimination under Art. I, Sec. I, Par. XVI of the Constitution of the State of Georgia and under OCGA § 24-9-20 (a), which right is allegedly violated by requiring a DUI suspect to submit to a breath test. This issue has been decided adversely to Nawrocki.

" 'The use of a substance naturally excreted by the human body does not violate a defendant's right against self-incrimination under the Georgia Constitution (Ga. Const. of 1983, Art. I, Sec. I, Par. XVI).' *Green v. State*, 260 Ga. 625, 627 (2) (398 SE2d 360) [(1990)], citing and adopting with modification, *Robinson v. State*, 180 Ga. App. 43 (3) (348 SE2d 662) [(1986)]. Thus, although the Georgia Constitution provides more protection for its citizens against self-incrimination than does the United States Constitution, [Nawrocki] would have neither a claim of constitutional right nor a claim of privilege against self-incrimination from the evidentiary use of his [breath] (at least, when such sample is obtained by the State in a manner not constitutionally shocking to the conscience). See *Robinson*." *State v. Leviner*, 213 Ga. App. 99, 101 (443 SE2d 688) (1994).

Further, contrary to Nawrocki's contentions, a DUI suspect may be *required* to produce a breath sample under Georgia law. "Examining OCGA §§ 40-5-55, 40-5-67.1 and 40-6-392 in pari materia and so as to give proper effect to their purpose (*Ga. Marble Co. v. Whitlock*, 260 Ga. 350, 354 (1) (d) (392 SE2d 881) [(1990)]), we find that 'Georgia law *requires* the person to submit to a test to determine if the person is under the influence of alcohol or other drugs.' (Emphasis supplied.) OCGA § 40-5-67.1 (b) (1). Nevertheless, the legislature 'has granted a driver the right to refuse to take a State-administered

test,' *Keenan v. State*, 263 Ga. 569, 571 (436 SE2d 475) [(1993)], subject to a legislative mandate 'that evidence of the exercise of that right shall be admissible in the driver's criminal trial. OCGA § 40-6-392 (d).' Id." *State v. Leviner*, supra at 101.

The trial court did not err in denying Nawrocki's motion to suppress on these grounds.

2. Upon his *affirmative* request, Nawrocki should have been permitted to obtain a second, State-administered breath test, and we must reverse the trial court's denial of the motion to suppress on this ground.

The trial court made a specific, factual finding that Nawrocki made a request for an additional State-administered test: "It's not disputed that he [Nawrocki] inquired about taking an additional test, and as elicited by the State that inquiry was that he wanted an additional test. The evidence is that the only test that was requested was an additional State administered test." Thereafter, the trial court denied Nawrocki's motion to suppress, holding that "DUI defendants are not afforded the opportunity to demand an additional Intoxilizer 5000 test performed by the State under implied consent law. The purpose of this component is to provide independent analysis as a check against state misconduct or incompetence. This purpose is not served by requiring the same testing agent to repeat the test."

While the trial court's reasoning displays more than a little common sense with regard to the *purpose* for a second test, it remains that OCGA §§ 40-6-392 (a) (3) and 40-5-67.1 (b) (2) entitle a DUI suspect to have an "additional" test — not necessarily an *independent* test — of his "blood, breath, urine, or other bodily substances at [his] own expense and from qualified personnel of [his] own choosing." OCGA § 40-5-67.1 (b) (2).[1] Consequently, under the plain language of the statutes, a DUI defendant — at his own expense — may affirmatively *choose* to have the State's qualified testing officer perform an additional breath test. Since, as a practical matter, State law enforcement agencies appear to be the primary locations at which breath test machines are readily available, a timely second breath test may be conducted on a law enforcement agency's machine.

In fact, from the officer's testimony in this case, it appears that a second, State-administered breath test performed by the original testing officer on a law enforcement machine is not uncommon: "a second request on a breath test is it's so much easier, you don't have to go anywhere. You give the breath sample right there. . . . . If a

---

[1] The *reasonability* of a DUI suspect's *affirmative* request for additional testing and choices with regard thereto are subject to a trial court's determination based upon the totality of the circumstances. See, e.g., *State v. Buffington*, 189 Ga. App. 800, 801-802 (377 SE2d 548) (1989).

second breath sample is what he wanted, a second breath sample is what he would have got."

Thus, although as noted by the trial court, such choice may seem unwise in light of the apparent purpose for an additional test, there is nothing about the plain language of either OCGA § 40-6-392 (a) (3) or 40-5-67.1 (b) (2) which would preclude such choice. "[A] statute should be read according to its natural and most obvious import of the language without resorting to subtle and forced constructions for the purpose of either limiting or extending its operation." *Apollo Travel Svcs. v. Gwinnett County Bd. of Tax Assessors*, 230 Ga. App. 790, 792 (498 SE2d 297) (1998).

Because of what it perceived as the "purpose" for the implied consent laws, the trial court incorrectly applied the plain language of those laws. Pursuant to his *affirmative* request for an additional breath test, to be conducted by a qualified officer on a law enforcement intoxilyzer, Nawrocki should have been given such additional test pursuant to the implied consent statutory provisions. "The requirement is that when the State seeks to prove the [DUI] violation by evidence of a chemical test, the State has the burden of demonstrating compliance with the statutory requirements." (Citation and punctuation omitted.) *State v. Causey*, 215 Ga. App. 85, 86 (449 SE2d 639) (1994). Accordingly, the trial court erred in denying Nawrocki's motion to suppress.

*Judgment reversed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 20, 1998 

*J. Guy Sharpe, Jr.*, for appellant.

*G. Channing Ruskell, Solicitor, Barry W. Hixson, Assistant Solicitor*, for appellee.