A98A2378. KEHINDE v. THE STATE.
(512 SE2d 311)

RUFFIN, Judge.

On October 18, 1997, Gwinnett County police officers arrested Ayodji Kehinde for driving under the influence of marijuana, possession of less than one ounce of marijuana and driving with expired tags. The trial court denied Kehinde's motion to suppress the results of his urine test, and we granted Kehinde's application for interlocutory appeal. Since the results of the urine test are admissible, we affirm.

"This court's responsibility in reviewing the trial court's decision on a motion to suppress is to ensure that there was a substantial basis for the decision. We construe the evidence most favorably to uphold the findings and judgment, and the trial court's findings on disputed facts and credibility must be adopted unless they are clearly erroneous." *Roberson v. State*, 230 Ga. App. 179 (495 SE2d 643) (1998).

The evidence reveals that two Gwinnett County police officers stopped Kehinde for having an expired tag. As the police approached Kehinde's car, one officer smelled marijuana. After being asked about the smell of marijuana, Kehinde admitted that he had eaten a marijuana cigarette that was in his ashtray because he was scared. Kehinde consented to a search of his car, and the police officer discovered a small bag of marijuana. The officer arrested Kehinde, placed him in the rear of a police car, and read him the Georgia implied consent warnings. The officer testified that he did not read Kehinde his *Miranda* rights. After the officer asked him for a urine sample, Kehinde agreed to submit to a urine test.

In his sole enumeration of error, Kehinde argues that the trial court erred in failing to suppress results of his urine test because the arresting officer failed to read him his *Miranda* rights prior to requesting a urine sample. Kehinde cites *State v. Warmack*, 230 Ga. App. 157 (495 SE2d 632) (1998) and *State v. O'Donnell*, 225 Ga. App. 502 (2) (484 SE2d 313) (1997) for the proposition that such testing in the absence of *Miranda* warnings violates his constitutional rights.

In *Miranda v. Arizona*, 384 U. S. 436, 444 (86 SC 1602, 16 LE2d 694) (1966), the United States Supreme Court held that "the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the

privilege against self-incrimination." Contrary to Kehinde's contention, "[t]he choice afforded a suspect under OCGA § 40-5-55 . . . either to agree or refuse to take a . . . test, is not protected by the privilege against self-incrimination." *State v. Mack*, 207 Ga. App. 287 (2) (427 SE2d 615) (1993). See also *Lankford v. State*, 204 Ga. App. 405-406 (1) (419 SE2d 498) (1992). "In Georgia, the state may constitutionally take a blood sample from a defendant without his consent." (Punctuation omitted.) *State v. Highsmith*, 190 Ga. App. 838, 839 (380 SE2d 272) (1989).

Both this Court and the Supreme Court "have routinely held that under Georgia law *Miranda* warnings must precede a request to perform a *field sobriety test* only when the suspect is 'in custody.'" (Emphasis supplied.) *Price v. State*, 269 Ga. 222, 225 (3) (498 SE2d 262) (1998); see also *Warmack*, supra; *O'Donnell*, supra. In *O'Donnell*, we acknowledged that such testing violates Georgia's statutory and constitutional prohibitions against compelling an arrestee from performing an act which is incriminating. Id. at 504-505. However, Georgia courts have long drawn a distinction between compelling an arrestee to perform some act such as a field sobriety test versus requiring the arrestee to submit to the collection of evidence from his person such as providing a urine sample. See *Green v. State*, 260 Ga. 625, 626-627 (2) (398 SE2d 360) (1990) (urine sample); see also *Nawrocki v. State*, 235 Ga. App. 416 (510 SE2d 301) (1998) (breath test). Here, the officer's failure to read Kehinde his *Miranda* rights prior to requesting and obtaining a urine sample does not render the results of the test inadmissible. See *Highsmith*, supra. Accordingly, the trial court properly denied Kehinde's motion to suppress this evidence. See *Lankford*, supra.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED FEBRUARY 10, 1999.

*Sexton & Sexton, James D. Sexton, Giles D. Sexton*, for appellant. *Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr., Assistant Solicitors*, for appellee.