A99A1992. PATEL v. THE STATE.
(522 SE2d 760)

BLACKBURN, Presiding Judge.

Ramanbhal Patel appeals, following a jury trial, his conviction of driving under the influence to the extent of being a less safe driver. Patel contends the trial court erred in denying his motion for directed verdict, asserting that the only evidence to support the verdict was the product of an illegal use of radar equipment. For the reasons set forth below, we affirm.

The standard of review for the denial of a motion for directed verdict is that provided in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Holman v. State*, 236 Ga. App. 111 (511 SE2d 240) (1999). On appeal the defendant no longer has a presumption of innocence. The evidence is viewed in the light most favorable to the verdict. The standard is met if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt under the evidence presented. Id.

So viewed, the evidence reveals that Officer Eddie Green of the

Garden City Police Department stopped Patel for speeding during the early morning hours of June 16, 1996. After observing Patel's car and determining his speed by the use of radar equipment, Officer Green began the pursuit of Patel on I-516 in Chatham County. Patel did not immediately pull over and was weaving in and out of traffic. During the pursuit in this 45-mph speed zone, Officer Green accelerated to 65-70 mph to keep pace with Patel. After pulling Patel over, Officer Green and other officers called to the scene observed that Patel had red, glassy eyes and detected the odor of an alcoholic beverage on his breath. Sergeant Gregory Gilder conducted field sobriety tests on Patel, all of which supported the conclusion that Patel was a less safe driver.

At a pre-trial hearing, the readings from the radar unit were suppressed because the police car was not visible to Patel for the 500 feet required by Georgia law. See OCGA § 40-14-7; *Wiggins v. State*, 249 Ga. 302, 304-305 (2) (a) (290 SE2d 427) (1982). Patel contends the trial court erred by denying his motion for directed verdict, alleging that, absent the radar reading, Officer Green did not have probable cause to stop him. Consequently, he argues, all evidence resulting from the stop should have been suppressed.

We disagree. Officer Green had observed the speeding car and had "paced" Patel's car, i.e., compared his own speed to Patel's. Pacing is an established method of determining vehicle speed. *Staley v. State*, 224 Ga. App. 806 (482 SE2d 459) (1997). Additionally, apart from the speeding, Officer Green reported that Patel's car was weaving in traffic and that Patel did not immediately pull over. " 'As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.' " *Tukes v. State*, 236 Ga. App. 77 (1) (511 SE2d 534) (1999). Officer Green had probable cause to stop Patel based upon his observations.

Patel's argument that Officer Green would not have obtained the DUI evidence but for the illegal use of the radar equipment is misplaced.

> "[E]vidence is (not) 'fruit of the poisonous tree' simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is 'whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.' "

*Ruffin v. State*, 201 Ga. App. 792, 793 (412 SE2d 850) (1991), quoting

*Wong Sun v. United States*, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963).

Here, Officer Green's visual observations of Patel's car speeding and weaving, his pacing of Patel's car, and Patel's failure to pull over are "sufficiently distinguishable" from the use of the radar such that Officer Green had probable cause to stop Patel. It follows that the evidence of DUI discovered in the lawful stop was admissible. The evidence was sufficient to authorize the conviction, and the trial court properly denied Patel's motion. See *Jackson*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 28, 1999.

*Harold J. Cronk*, for appellant.
*Spencer Lawton, Jr., District Attorney, Jerome M. Rothschild, Jr., Assistant District Attorney*, for appellee.