## A01A2103. WINTER v. THE STATE.
(557 SE2d 436)

ELDRIDGE, Judge.

A McDuffie County jury convicted Charles Edward Winter of child molestation[1] (Count 1) and sexual exploitation of a child[2] (Counts 2-4). Counts 3 and 4 alleged sexual exploitation of a child by unlawfully creating and reproducing a photograph of a minor depicting sexually explicit conduct and by bringing or causing such material to be brought into the State of Georgia, respectively. He was sentenced as a recidivist to life imprisonment as to Count 1, to ten years confinement consecutive to Count 1 as to Count 2, and to ten years confinement as to Counts 3 and 4, respectively.

Viewed in the light most favorable to the jury's verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), the evidence shows that the defendant molested his underage stepdaughter as alleged by exposing his penis to her, by masturbating in her presence, by having her place her hand on his penis, or by fondling her vagina and breast (Count 1). Other evidence showed that the defendant sexually exploited his stepdaughter by causing her to engage in sexually explicit conduct for the purpose of photographing her (Count 2); that the defendant sexually exploited minor children by thus photographing his stepdaughter and by downloading photographic images from video diskettes of other minor children engaged in similarly explicit conduct (Count 3); and that the defendant sexually exploited minor children by bringing their images as engaged in sexually explicit conduct to this State over the Internet (Count 4).

---

[1] "A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a).

[2] "It is unlawful for any person knowingly to possess or control any material which depicts a minor engaged in sexually explicit conduct." OCGA § 16-12-100 (b) (8).

1. The defendant asserts that the superior court erred by entering in evidence his prior conviction in Kentucky because the State failed to show that the conviction was admissible under Kentucky law. While by his brief on appeal the defendant contends that he objected on this basis below, we find no such objection in the record before us. "It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial." (Citations and punctuation omitted.) *Carradine v. State*, 234 Ga. App. 330, 331 (506 SE2d 688) (1998). In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground. See *Hunter v. State*, 202 Ga. App. 195, 197 (3) (413 SE2d 526) (1991). Accordingly, this issue has not been preserved for appellate review.

2. The superior court's admission into evidence of certain video diskettes and illicit pictures downloaded from the Internet was not error due to a break in the chain of custody.

> To show a chain of custody adequate to preserve the identity of fungible evidence, the State has the burden of proving with reasonable certainty that the evidence is the same as that seized and that there has been no tampering or substitution. The State need not foreclose every possibility of tampering, however, and need only show "reasonable assurance" of the identity of the evidence.

*Stone v. State*, 229 Ga. App. 367, 369 (1) (a) (494 SE2d 48) (1997). Moreover, in the event no showing of tampering has been made and only a bare speculation of possible tampering exists, the chain of custody is not broken and the evidence is admissible, with any doubts going to its weight. *Buffington v. State*, 190 Ga. App. 365, 366 (3) (378 SE2d 884) (1989), overruled on other grounds, *Green v. State*, 260 Ga. 625, 626 (1) (398 SE2d 360) (1990). Accord *Slade v. State*, 222 Ga. App. 407, 408 (1) (474 SE2d 204) (1996). Here, as in *Buffington* and *Slade*, no showing was made of tampering or substitution. At most, only a bare speculation of tampering existed, and the evidence therefore was properly admitted.

3. The defendant contends that the superior court erred in denying his request for a *Jackson-Denno* hearing as to his confession to the State's similar transaction evidence, a Kentucky judgment of conviction entered upon his guilty plea to sexual abuse of a minor.

The admissibility of similar transaction evidence is contingent upon three affirmative showings.

First, the State must demonstrate that the evidence is not brought forth to raise an improper reference to character but, rather, for an appropriate purpose deemed an exception to the general rule prohibiting this type of evidence; second, the State must show sufficient evidence to establish that the accused committed the independent offense or act; and third, the State must demonstrate a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640[, 642 (2)] (409 SE2d 649) (1991).

*Huff v. State*, 248 Ga. App. 233 (546 SE2d 24) (2001). It is undisputed that the State sought to introduce the defendant's Kentucky conviction for a proper purpose, i.e., course of conduct and bent of mind, and that such conviction tended to prove the instant charges on the basis of similarity. Inasmuch as the defendant does not challenge his Kentucky conviction as not regularly entered upon his plea of guilty,[3] we presume that such plea was informed, voluntary, and made upon an articulated waiver of the three rights under *Boykin v. Alabama*, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). See *Nash v. State*, 271 Ga. 281, 284 (519 SE2d 893) (1999) (all proceedings in Georgia courts presumed regular and legal). In light of the foregoing, the superior court properly denied the defendant's request for a further determination of the voluntariness of his confession as to his Kentucky conviction as waived, and his status as the perpetrator of the independent Kentucky offense was established by admission indicating that he there had his minor stepdaughter masturbate him four to five times in 1994 to early 1995, immediately before the family moved to Georgia. "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment. [Cit.]" *Boykin v. Alabama*, supra at 242. The State having met its evidentiary burden under *Williams*, the superior court properly admitted the defendant's Kentucky conviction as similar transaction evidence.

4. "[E]vidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes charged beyond a reasonable doubt. [Cits.]" (Punctuation omitted.) *Donaldson v. State*, 244 Ga. App. 89, 90 (1) (534 SE2d 839) (2000). "The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8.

---

[3] The defendant objected to the admissibility of the Kentucky conviction in the context of similar transaction evidence alone.

Further, to support a verdict, circumstantial evidence need only exclude reasonable hypotheses, not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662) (1987); *Tweedell v. State*, 248 Ga. App. 187, 189 (546 SE2d 306) (2001). Whether circumstances were sufficient in this case to exclude every reasonable hypothesis except that of the defendant's guilt was a question for the jury. *Brown v. State*, 245 Ga. App. 706, 709 (1) (538 SE2d 788) (2000). This Court determines the sufficiency of the evidence and does not weigh the credibility of the witnesses. *Grant v. State*, 239 Ga. App. 608 (521 SE2d 654) (1999). We find this evidence sufficient to enable a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment affirmed. Andrews, P. J., and Miller, J., concur.*

DECIDED DECEMBER 6, 2001.

*Harold W. Wallace III*, for appellant.
*Dennis C. Sanders, District Attorney*, for appellee.