A03A0394. McKINNEY v. THE STATE.
(582 SE2d 463)

ANDREWS, Presiding Judge.

A jury found Calvin McKinney, Jr. guilty of rape, kidnapping, burglary, and aggravated assault. He appeals, claiming that the indictment submitted to the jury was defective and several items of evidence were inadmissible, thus making the evidence insufficient to support the verdict. After reviewing the record, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. The victim testified that she was at home one evening when she discovered a strange man standing in her den. She ran to the door and screamed for help, but the man caught her by the hair and pulled her back. He put a knife to the side of her face and told her, "If you scream, I'll kill you." The attacker forced her to go from room to room and turn off lights. He then raped her. The victim testified that she was not able to get a good look at her attacker's face; but, she was able to identify McKinney as her attacker when she heard his voice.

A DNA analyst from the Federal Bureau of Investigation testified that the DNA from McKinney's blood matched the DNA found in the vaginal swabs taken from the victim. He stated that the probability of error was one in a trillion.

The evidence was sufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. McKinney claims the trial court erred in submitting a superseding indictment to the jury because the statute of limitation had expired as to all counts. The attack occurred on January 20, 1989, and the first indictment was returned on August 7, 1995. At that time, the statute of limitation had expired on all charges except the one for rape. Defense counsel filed a special demurrer, and the State submitted another indictment that alleged the same offenses but added "that the statute of limitation on prosecutions, as defined in O.C.G.A. 17-3-1, was tolled until the 29th day of November 1994 by virtue of the fact that the identity of the person committing the crime was unknown until such date." See OCGA § 17-3-2.

The trial court required the State to elect which indictment it wished to proceed under. The State decided to proceed under the second indictment and entered a nolle prosequi on the first indictment.

McKinney cites to no authority on point in support of his claim

that it was error to submit this indictment to the jury, and we find none.

> An indictment obtained without the dismissal of a prior indictment is a superseding indictment. A grand jury is not prevented from returning another indictment against an accused, even though an indictment is pending, where there has been no jeopardy upon the first indictment, and the existence of a prior indictment generally is not grounds for quashing the second indictment, although the state may be required to elect upon which indictment it will proceed.

(Punctuation omitted.) *Larochelle v. State*, 219 Ga. App. 792, 794 (2) (466 SE2d 672) (1996).

In this case, jeopardy had not attached on the first indictment and there were no changes in the charges alleged in the superseding indictment. The trial court did not err in submitting this indictment to the jury.

2. Next, McKinney argues that the blood sample taken from him was obtained as a result of a defective search warrant. The first search warrant for his blood was defective in that officers left out of their affidavit a statement as to why drawing McKinney's blood was necessary. Defense counsel filed a motion to suppress, and the court subsequently entered a consent order providing for the drawing of a second sample of blood.

On appeal, McKinney argues that the second blood sample should also have been suppressed because it is the "fruit of the poisonous tree."

> Evidence is not "fruit of the poisonous tree" simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." *Ruffin v. State*, 201 Ga. App. 792, 793 (412 SE2d 850) (1991), quoting *Wong Sun v. United States*, 371 U. S. 471 (83 SC 407, 9 LE2d 441) (1963).

(Punctuation omitted.) *Patel v. State*, 240 Ga. App. 178, 179-180 (522 SE2d 760) (1999).

Here, there is no evidence that the second search warrant was defective nor is there any showing that the second blood sample was obtained by exploitation of the original defective search warrant. Accordingly, the second sample is separate and distinguishable from

the first so as to be "purged of the primary taint." (Punctuation omitted.) *Patel*, supra.

3. In his next enumeration, McKinney claims the State failed to establish a proper chain of custody of the blood sample. The record shows that the Georgia Bureau of Investigation agent who was present when the blood was drawn and sealed in containers testified to this at trial. He stated that he took the blood to the crime lab in Savannah. The person who received the blood at the Savannah Crime Lab testified that he gave it to Sally Watford, a forensic scientist in the crime lab, who took it to Atlanta. Watford testified that she took the blood to Atlanta and gave it to Ted Staples, a scientist in the crime lab in Atlanta. Staples testified that he received the blood from Watford, made a dried stain of the blood, and sent it to the FBI crime lab.

McKinney claims the chain of custody was defective because there was no testimony from the person who actually drew the blood. He cites to no authority in support of this claim of error and we find none.

" '(W)hen blood samples are handled in a routine manner and nothing in the record raises a suspicion that the blood sought to be admitted is not the blood tested, the blood is admissible and "the circumstances of each case need only establish reasonable assurance of the identity of the sample." ' " *Johnson v. State*, 271 Ga. 375, 382 (13) (519 SE2d 221) (1999). In *Johnson*, the defendant claimed that the chain of custody was broken because the person who removed the blood from his jacket did not testify and there was no testimony from any witness who saw the blood removed. The Court found that the chain of custody was adequately proved. Id.

Moreover, when "no showing of tampering has been made and only a bare speculation of possible tampering exists, the chain of custody is not broken and the evidence is admissible, with any doubts going to its weight." *Winter v. State*, 252 Ga. App. 790, 791 (2) (557 SE2d 436) (2001).

Here, McKinney does not allege any other breaks in the chain of custody nor does he allege there is any evidence of tampering. Accordingly, the chain of custody was adequately proved.

4. McKinney also argues that the State failed to establish a proper chain of custody for the rape kit evidence. He argues that because the person who drew the blood and obtained the vaginal swabs from the victim did not testify, the chain of custody was not established. As discussed in Division 3, this claim of error has no merit. Moreover, the transcript shows that the State presented a sufficient chain of custody. The attending nurse testified that she was present when the rape kit examination was performed; she received the samples, sealed them, and gave them to Chief Land. Chief Land

testified to receiving the rape kit. Land stated that he gave it to another officer, who testified that he received it from Land and took it to the crime lab. Finally, the crime lab employee testified that he sent the rape kit to the crime lab in Atlanta. This was sufficient to establish the chain of custody for the rape kit. See *Winter*, supra.

5. In light of our holdings in Divisions 2, 3, and 4 above, we need not address McKinney's claim that without the DNA evidence, there was insufficient evidence to support the verdict.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED APRIL 17, 2003 —
RECONSIDERATION DENIED MAY 12, 2003.

*Stephen E. Tillman, Franklin D. McCrea*, for appellant.
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.