A04A0021. SHABAZZ v. THE STATE.
(592 SE2d 876)

BLACKBURN, Presiding Judge.

Following his convictions for rape, false imprisonment, child molestation, aggravated assault, kidnapping, and burglary, Ali Rasheed Shabazz appeals, contending that the trial court erred by: (1) denying his motion to sever his trial regarding his attacks on two minor victims and (2) admitting evidence of an allegedly novel and untested method of DNA identification without a proper determination regarding the method's reliability. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, on May 2, 2001, Shabazz followed the first victim, 14-year-old T. T., as she was riding MARTA bus no. 115 home from school. When T. T. reached her house, Shabazz, who had continued to stalk the girl, forcibly pushed her inside the front door, threw her onto a bed, punched her in the face, broke her nose, and attempted to rape her. Following this incident, T. T. gave the police a physical description of Shabazz and told them that he was cross-eyed. T. T. later positively identified Shabazz, who is, in fact, cross-eyed, as her assailant.

On the following day, May 3, 2001, Shabazz followed the second victim, T. W., as she was riding MARTA bus no. 115 home from work. When she exited the bus, Shabazz followed her toward her home and attempted to speak with her. Frightened, T. W. ran down a wooded path to get to her house, but Shabazz caught up with her, held her

down, and raped her. The following day T. W. provided a description of her assailant which matched Shabazz, and, several days after that, T. W. saw Shabazz on the street and notified police. Shabazz was thereafter arrested. This evidence was certainly more than sufficient to support the verdicts against Shabazz. See *Jackson v. Virginia.*[1]

1. Shabazz contends that the trial court erred by denying his motion to sever his trial on the attacks of the two separate victims.

> The decision to grant a severance rests within the sound discretion of the trial judge, who may balance the interests of the state and the accused by considering such factors as whether the same evidence would be necessary and admissible in each count, and whether the joining of counts in one trial might confuse the jury. Absent an abuse of that discretion, this court will not disturb the trial court's decision. Moreover, a trial court does not abuse its discretion in denying the motion for severance when evidence of one crime would be admissible in the trial of the other crime.

(Footnotes omitted.) *Stewart v. State.*[2]

In this case, the attacks on T. T. and T. W. are remarkably similar, and, as a result, "evidence from each victim would have been admissible in the other trials had the cases been tried separately." *Stewart,* supra. In both cases, Shabazz chose his victim on the exact same MARTA bus, followed the victim toward her home, and attacked her. Facts in both cases present a clear modus operandi, and, accordingly, the trial court did not abuse its discretion by denying Shabazz's motion to sever.

2. Shabazz contends that the trial court erred by admitting evidence of an allegedly novel and untested method of DNA identification without a proper determination regarding the method's reliability. We disagree.

The record shows that, during T. W.'s medical examination following the rape, a small amount of semen was found in her vagina. Because the sample was so minute, the Georgia Bureau of Investigation standard short tandem repeats (STR) DNA test produced inconclusive results, as the sample contained so much of the victim's female DNA that it effectively masked the male DNA of the semen. To get a more accurate result, the State hired Reliagene, Inc. to perform a YSTR DNA test on the sample. This latter test is specific to male DNA only. The results of this test, which were presented at

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Stewart v. State,* 259 Ga. App. 117, 122 (2) (576 SE2d 93) (2003).

trial, showed that Shabazz could not be ruled out as T. W.'s rapist; however, he could not be conclusively determined to be the rapist either.

Shabazz now argues that this evidence was inadmissible because: (a) the trial court did not hold a hearing to determine the reliability of the YSTR procedure and (b) the YSTR procedure was not otherwise shown to be reliable.

(a) As an initial matter, although Shabazz filed a motion in limine to exclude the DNA evidence, he never requested a hearing on the validity of the testing procedure, and he never objected that the trial court failed to conduct one.

> It is well settled that, even if a defendant has a due process right to a hearing, that right may be waived by failure to request a hearing. The trial court has no duty to initiate such hearing until requested by one of the parties. The party seeking a hearing must take affirmative steps to request one. Having failed to request a hearing, [Shabazz] cannot complain of the trial court's failure to hold one.

(Citations and punctuation omitted.) *Isaac v. State*.[3]

(b) Nonetheless, Shabazz contends that the DNA evidence was improperly admitted because there was insufficient proof that the general scientific principles and techniques involved in the testing were capable of producing reliable results and that the DNA testers themselves substantially performed the scientific procedures in an acceptable manner, as required by *Johnson v. State*.[4]

Contrary to Shabazz's contention, the testimony from the expert witnesses established that YSTR DNA testing is merely one specific type of STR DNA testing. In turn, STR DNA testing is a type of polymerase chain reaction DNA testing, and this latter method of DNA testing "has been accepted as valid in Georgia." *Thrasher v. State*.[5] See also *Bluain v. State*.[6] As such, the trial court did not err by admitting the DNA evidence in this case.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JANUARY 7, 2004.

*Carolyn L. Mabe*, for appellant.
*J. Tom Morgan, District Attorney, Rosemary W. Brewer, Rachelle*

---

[3] *Isaac v. State*, 237 Ga. App. 723, 728 (3) (516 SE2d 575) (1999).
[4] *Johnson v. State*, 264 Ga. 456, 458 (5) (448 SE2d 177) (1994).
[5] *Thrasher v. State*, 261 Ga. App. 650, 651 (1) (c) (583 SE2d 504) (2003).
[6] *Bluain v. State*, 242 Ga. App. 125, 129 (2) (529 SE2d 155) (2000).

*L. Carnesale, Barbara B. Conroy, Assistant District Attorneys*, for appellee.