**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**March 5, 2013**

# In the Court of Appeals of Georgia

A12A2276. PIPER v. THE STATE.

ANDREWS, Presiding Judge.

Randy Piper appeals from the trial court's order denying his plea in bar in which he contended that the State was prosecuting him out of spite and vindictiveness. For the following reasons, we affirm.

The record shows that Piper was charged on December 8, 2008 with possession of methamphetamine and possession of a drug-related object (Case Number 08-CR-1027-J). On February 16, 2009, Piper was indicted for theft by conversion, theft by receiving, and theft by taking (Case Number 09-CR-086-A). In return for a guilty plea in Case Number 09-CR-086-A, the State entered a nolle prosequi in Case Number 08-CR-1027-J.

Piper was sentenced to probation in the 2009 case but was arrested in November 2010 for violating his probation. Piper served several months in jail and petitioned for a writ of habeas corpus, which was granted on June 24, 2011. The superior court granted the writ because it could not determine whether Piper signed the necessary paperwork in connection with the plea or whether he was even aware that the plea was being taken.

On December 15, 2011, the State charged Piper with possession of methamphetamine and possession of drug-related objects, the offenses that were nolle prossed in connection with the plea agreement.[1] Piper filed a Plea in Bar claiming that he had already served seven months under a plea agreement in which these charges were nolle prossed and the State was only prosecuting this case out of vindictiveness for his having prevailed on his petition for habeas corpus. The prosecutor responded at the hearing on the plea in bar, stating that this was not a case of retribution; but rather that, because the habeas petition was granted, "[w]e are simply moving back to the point we were prior to the plea."

---

[1] The State is also pursuing a trial of the case that was the subject of the guilty plea. That case is being appealed separately and is not before us.

The trial court, in denying the plea in bar, concluded that there was no evidence of vindictiveness. The court's order stated that the State offered to nolle prosse certain charges if Piper pled guilty to certain other charges. Because it had been determined that there was no valid plea, the State was now going to prosecute him on those charges that were nolle prossed. The trial court found this case similar to *Bordenkircher v. Hayes*, 434 U. S. 357 (98 SC 663, 54 LE2d 604) (1978), in which the Supreme Court held that due process was not violated when the prosecutor carried out a threat made during plea negotiations to reindict the defendant on more serious charges if he did not plead guilty. Id. at 365.

On appeal, Piper cites to *North Carolina v. Pearce*, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969), as authority for his claim that this is a constitutionally impermissible vindictive prosecution. *Pearce* involved the defendant's exercise of a procedural right that caused a complete retrial after he had been once tried and convicted. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." Id. at 725.

3

The same principle was later applied to prohibit a prosecutor from reindicting a convicted misdemeanant on a felony charge after the defendant had invoked an appellate remedy, since in this situation there was also a "realistic likelihood of vindictiveness." *Blackledge v. Perry*, 417 U. S. 21, 27 (94 SC 2098, 40 LE2d 628) (1974).

But, "[t]he *Pearce* presumption of vindictiveness does not apply when a sentence imposed after trial is greater than that previously imposed after a guilty plea. Application of that presumption is limited to circumstances in which there is a 'reasonable likelihood' that an unexplained increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the defendant has the burden of proving actual vindictiveness without aid of a presumption." *Alabama v. Smith,* 490 U. S. 794 (109 SC 2201, 104 LE2d 865) (1989). Further, "a mere opportunity for vindictiveness is insufficient to justify the imposition of a prophylactic rule. *United States v. Goodwin,* 457 U. S. 368, 384 [(102 SC 2485, 73 LE2d 74)] (1982); *Bordenkircher v. Hayes,* 434 U. S. 357 [(98 SC 663, 54 LE2d 604)] (1978)." *Alabama v. Smith*, supra at 800, n. 3.

"Accordingly, while the prosecutor's charging decision is presumptively lawful, and the prosecutor is not required to sustain any burden of justification for an

increase in charges, the defendant is free to tender evidence to the court to support a claim that enhanced charges are a direct and unjustifiable penalty for the exercise of a procedural right. Of course, only in a rare case would a defendant be able to overcome the presumptive validity of the prosecutor's actions through such a demonstration." *United States v. Goodwin*, supra at 384. In *Goodwin*, the court noted that "the only evidence respondent is able to marshal in support of his allegation of vindictiveness is that the additional charge was brought at a point in time after his exercise of a protected legal right." Id. at 382.

In the case before us, the prosecutor stated "[w]e are simply moving back to the point we were prior to the plea." Piper has come forward with no actual evidence of vindictiveness to refute this, arguing only that any sentence will be an increase and therefore vindictiveness is presumed. This is not sufficient under the authority set out above. Accordingly, we conclude that the trial court correctly denied Piper's plea in bar seeking to have the indictment dismissed. See *Lopez v. State*, 267 Ga. App. 178, 179 (598 SE2d 898) (2004) (defendant claimed that prosecutor reindicted him and increased the severity of the charges because he filed a §1983 claim in federal court; but, State gave sufficient reasons for the decision to reindict to show that it was not made with any vindictive motive). See also *Jones v. State*, 290 Ga. 670, 676 (725

5

SE2d 236) (2012) (defendant's contention that after plea negotiations failed, and a more severe sentence was included in a reindictment, did not raise a presumption of prosecutorial vindictiveness in the absence of actual evidence thereof); *Brandeburg v. State*, 292 Ga. App. 191, 200 (663 SE2d 844) (2008) (State's increase of severity of charges after defendant refused to plead guilty did not raise presumption of prosecutorial vindictiveness).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*