**THIRD DIVISION**
**DOYLE, P. J.,**
**PIPKIN, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 6, 2023**

# In the Court of Appeals of Georgia

A22A1185. RICE v. THE STATE.

DOYLE, Presiding Judge.

The State twice indicted Michael Rice for drug-related charges. Rice appeals from the trial court's denial of his motion to dismiss the indictment and his special demurrer. He argues that: (1) the trial court erred in denying his special demurrer because there was no evidence for one of the drug charges; (2) the State should be required to elect under which of the two indictments it wishes to proceed; (3) the State increased the severity of one of the charges in response to his exercise of procedural rights; and (4) the trial court should hold a hearing to determine whether this increase in severity was the result of prosecutorial vindictiveness. For the reasons set forth infra, we affirm the trial court's denial of Rice's motion to dismiss the

indictment and special demurrer, but upon remand direct the trial court to require the State to elect which of the two indictments it wishes to proceed under.

The Bulloch County sheriff's department suspected that Rice was receiving heroin and fentanyl through the United States Postal Service and distributing those narcotics. In December 2017, the postal service flagged a suspicious package, and investigators decided to conduct a controlled delivery to Rice's residence. Rice accepted the package. Rice was under parole, and parole officers searched Rice and his residence and discovered substances appearing to be marijuana and methamphetamine. A Bulloch county sheriff's officer received a search warrant for the package and Rice's home. The officer discovered additional substances and sent all the substances to the crime lab.

In February 2018, before the State received the crime lab results, the State filed a four-count indictment against Rice, charging him with: (1) possession of heroin, in violation of OCGA § 16-13-30 (a); (2) possession of methamphetamine, in violation of OCGA § 16-13-30 (a); (3) possession of fentanyl, in violation of OCGA § 16-13-30 (a); and (4) possession of less than one ounce of marijuana, in violation of OCGA § 16-13-30 (j) (1).

2

The State received the crime lab results in June 2018. The five samples submitted to the lab were positive for methamphetamine and heroin. Rice filed a motion to dismiss the indictment in February 2020. He contended that the State should dismiss the fentanyl charge because the lab results were not positive for fentanyl. The trial court held a hearing in April 2021, and allowed additional briefing on the issue. The State also indicated that it might file a second indictment in order to "cure the whole thing."

The State filed a second indictment in May 2021. The indictment charged Rice with: (1) possession of heroin with intent to distribute, in violation of OCGA § 16-13-30 (b); (2) possession of methamphetamine, in violation of OCGA § 16-13-30 (a); and (3) possession of less than an ounce of marijuana, in violation of OCGA § 16-13-30 (j) (1). Notably, this second indictment dropped the fentanyl charge, but increased the heroin charge from possession to possession with intent to distribute.

Rice subsequently filed a special demurrer and motion to quash the indictment in September 2021. He argued, among other things, that the second indictment contained a more severe heroin charge after he exercised his procedural rights, thus raising a presumption of retaliation and prosecutorial vindictiveness.

The trial court denied Rice's motion to dismiss the indictment, reasoning that the second indictment removed the fentanyl charge. We granted Rice's application for interlocutory review, and this appeal followed.

"[The appellate court] review[s] a ruling on a special demurrer de novo to determine the legal sufficiency of the allegations in the indictment."[1] "When considering an appeal of a trial court's order on a motion to dismiss and/or quash an indictment, we review the trial court's interpretations of law and application of the law to the facts de novo and its findings of fact for clear error."[2] With these guiding principles in mind, we now turn to Rice's claims of error.

1. Rice argues that the trial court erred in denying his special demurrer to the fentanyl charge of the first indictment because the crime lab report did not show evidence of fentanyl.

> A defendant is entitled to be tried on a perfect indictment and may file a special demurrer seeking greater specificity or additional information concerning the charges contained in the indictment. With respect to a special demurrer, the test for determining the constitutional

---

[1] (Citation and punctuation omitted.) *Sanders v. State*, 313 Ga. 191, 195 (3) (869 SE2d 411) (2022).

[2] (Citation and punctuation omitted.) *Batten v. State*, 352 Ga. App. 629 (835 SE2d 686) (2019).

4

sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.[3]

"[W]hen a court considers whether an indictment is sufficient to withstand a special demurrer, it is useful to remember that a purpose of the indictment is to allow a defendant to prepare [his] defense intelligently."[4]

In this case, the first indictment charged Rice with "the offense of Possession of a Controlled Substance in that the said accused . . . on or about the 15th day of December, 2017, did unlawfully possess [f]entanyl, a narcotic drug in Schedule II controlled substance, in violation of the Georgia Controlled Substances Act[.]" "The language of the indictment is not too vague to inform [Rice] of the charges against [him]"[5] and contains "enough detail to sufficiently apprise [Rice] of what [he] must

---

[3] (Citations and punctuation omitted.) *Sanders*, 313 Ga. at 195 (3).

[4] (Citation and punctuation omitted.) *Kimbrough v. State*, 300 Ga. 878, 881 (2) (799 SE2d 229) (2017).

[5] (Citation and punctuation omitted.) *Sanders*, 313 Ga. at 196 (3) (a) (i).

be prepared to meet."[6] That is, the indictment states the drug he is alleged to have possessed, fentanyl, and the approximate date of possession, December 15, 2017. Although Rice argues that there is no evidence for the fentanyl charge, that is not the proper test for a special demurrer.[7]

Of course, a prosecutor must "refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause[.]"[8] Still, the language of the indictment is sufficient for Rice to intelligently prepare a defense, and thus the trial court did not err in denying Rice's special demurrer.[9]

2. Rice argues that the State should be required to elect under which of the two indictments it wishes to proceed.

> An indictment obtained without the dismissal of a prior indictment is a superseding indictment. A grand jury is not prevented from returning another indictment against an accused, even though an indictment is pending, where there has been no jeopardy upon the first indictment, and the existence of a prior indictment generally is not

---

[6] (Citation and punctuation omitted.) Id. at 197 (3) (a) (iii).

[7] See *Bullard v. State*, 307 Ga. 482, 487-488 (2) (837 SE2d 348) (2019).

[8] Bar Rule 3.8.

[9] See *Sanders*, 313 Ga. at 196 (3) (a) (i); *Wimbush v. State*, 345 Ga. App. 54, 71 (6) (b) (812 SE2d 489) (2018).

grounds for quashing the second indictment, although the state may be required to elect upon which indictment it will proceed.[10]

In the State's response to Rice's motion to dismiss the indictment, the State contended that Rice's complaints "are no longer relevant[ ]" because the second indictment no longer contained the fentanyl charge. The State argued that the second indictment "super[s]eded" the first. The trial court adopted this reasoning in denying Rice's motion to dismiss the indictment, finding that the first indictment "was super[s]eded" by the second indictment and that the State removed the fentanyl charge from the "current" indictment.

However, in its appellate brief, while the State writes that the "trial court's order at issue clearly considers the super[s]eding indictment as controlling[,]" the State contends that it is up "to the discretion of the prosecutor to make [the] election [between indictments]." The State further argues that it "has the discretion to elect which indictment it wishes to proceed to trial with."

---

[10] (Citation and punctuation omitted.) *McKinney v. State*, 261 Ga. App. 218, 219 (1) (582 SE2d 463) (2003).

Given these conflicting statements, we direct that upon remand the trial court should require the State to "elect upon which indictment it will proceed."[11]

3. Rice argues that the State increased the severity of the heroin charge in response to his exercise of certain procedural rights, and thus the State had to show that its decision was not the result of a vindictive motive. The State responds that it increased the severity of the charge because of the crime lab results, which the State received after issuing the first indictment. The sentencing range for possession of heroin with intent to distribute — five to thirty years for a first-time offender — is greater than the sentencing ranges for possession of heroin (which depends on the weight).[12]

> Nothing precludes the State from reindicting a defendant on additional or modified charges, as long as jeopardy has not attached to the first indictment. An exception to this general rule exists where the subsequent indictment increases the severity of the charges in response to the defendant's exercise of certain procedural rights, which raises the appearance of retaliation or prosecutorial vindictiveness.[13]

---

[11] (Citation and punctuation omitted.) *McKinney*, 261 Ga. App. at 219 (1).

[12] See OCGA § 16-13-30 (c), (d).

[13] (Citations and punctuation omitted.) *Hahn v. State*, 356 Ga. App. 79, 83 (4) (846 SE2d 258) (2020).

The United States Supreme Court has cautioned against applying a presumption of vindictiveness after the defendant files routine pretrial motions, like the motions to suppress and motions challenging the indictment filed in this case.[14] That is because "[i]t is unrealistic to assume that a prosecutor's probable response to such motions is to seek to penalize and to deter."[15] Additionally, "[i]n the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution or [the prosecutor] simply may come to realize that information possessed by the State has a broader significance."[16] By contrast, after a trial begins, it is much more likely that the State has assessed all the information at its disposal and determined the extent to which the defendant should be prosecuted. "Thus, a change in the charging decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision."[17]

---

[14] See *United States v. Goodwin*, 457 U. S. 368, 381 (III) (102 SCt 2485, 73 LE2d 74) (1982).

[15] Id.

[16] Id.

[17] Id.

9

Applying these principles in this case, the State's second indictment after Rice's routine pretrial motions did not create a presumption of vindictiveness.[18] Absent this presumption, "the burden [was] on [Rice] to prove that the prosecutor's charging decision was motivated by a desire to punish him for doing something the law allows him to do."[19] Because Rice did not present any evidence showing actual vindictiveness, the trial court did not err in denying his motion to dismiss the indictment.[20]

4. Rice argues that the trial court should have held a hearing regarding the prosecutorial vindictiveness issue. However, Rice did not request a hearing on this issue before the trial court.

---

[18] See *Jones v. State*, 290 Ga. 670, 676 (3) (725 SE2d 236) (2012) (no presumption of prosecutorial vindictiveness after plea negotiations failed); *Piper v. State*, 320 Ga. App. 120, 122 (739 SE2d 407) (2013) (no presumption of vindictiveness after a successful habeas corpus petition invalidated a plea agreement); *Brandeburg v. State*, 292 Ga. App. 191, 200 (4) (663 SE2d 844) (2008) (no presumption of vindictiveness after plea negotiations failed); *Larochelle v. State*, 219 Ga. App. 792, 794 (2) (466 SE2d 672) (1996) (no presumption of vindictiveness after the defendant filed a motion to suppress and other pretrial demands).

[19] *Larochelle*, 219 Ga. App. at 794 (2).

[20] See *Brandeburg*, 292 Ga. App. at 200 (4); *Larochelle*, 219 Ga. App. at 794 (2).

10

It is well settled that, even if a defendant has a due process right to a hearing, that right may be waived by failure to request a hearing. The trial court has no duty to initiate such hearing until requested by one of the parties. The party seeking a hearing must take affirmative steps to request one. Having failed to request a hearing, [Rice] cannot complain of the trial court's failure to hold one.[21]

As explained in Division 3 above, the burden was on Rice to show prosecutorial vindictiveness. Accordingly, absent a request from Rice, the trial court did not err in failing to hold a hearing.

In summary, we affirm the trial court's denial of Rice's motion to dismiss the indictment and special demurrer. We direct that the trial court require the State to elect which of the two indictments it wishes to proceed under.

*Judgment affirmed with direction. Pipkin, J., and Senior Appellate Judge Herbert E. Phipps concur*.

---

[21] (Citation and puncutation omitted.) *Shabazz v. State*, 265 Ga. App. 64, 66 (2) (a) (592 SE2d 876) (2004).